## E. M. Church v. George Stunkard.

1. Appeals—*A Judgment Necessary.*—It is necessary that some kind
of a judgment be entered, otherwise there is nothing to appeal from,
and the court appealed to acquires no jurisdiction of the case.

Appeal from the County Court of Vermilion County; the Hon. M. W.
Thompson, Judge, presiding. Heard in this court at the November
term, 1901. Reversed and remanded. Opinion filed April 9, 1902.

Appellee brought this suit before a justice of the peace, where a trial was had by a jury which resulted in a verdict against him. No judgment was entered by the justice on the verdict of the jury, the only entry made by him being as follows:

"On March 19, 1901, case called for trial. Defendant asked for a jury, which was granted. Venire issued and jury summoned. Case tried before jury and jury found for defendant. Plaintiff asked for an appeal."

Appellee took this appeal to the County Court, where appellant entered his special appearance in writing for the purpose of the motion only, and moved the court to dismiss the appeal for want of jurisdiction. The court overruled the motion and the cause was afterward tried without the presence of appellant and a judgment rendered against him for $4.50 and costs.

Keeslar & Acton, attorneys for appellant.

Jones & Partlow, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

The only question involved in this case is whether an appeal may be prosecuted from the verdict of a jury before a justice of the peace. The authority for taking appeals from justices of the peace to higher courts is purely statutory and can be executed only in the manner prescribed by the statute. The statute only provides that appeals may be taken from judgments rendered by justices and not from verdicts of juries in cases tried before them.

No formal words are required of a justice in entering a judgment, but it is necessary that some kind of a judgment be entered; otherwise there is nothing to appeal from, and the court appealed to acquires no jurisdiction of the case. In this case the justice did not attempt to enter a judgment on the verdict of the jury, and the court should have sustained appellant's motion to dismiss the appeal. The judgment of the County Court will be reversed and the cause remanded, with directions to dismiss the appeal.