## Eli Conant, Plaintiff in Error, v. Lloyd Watts, Defendant in Error.

### (Not to be reported in full.)

Error to the County Court of Marion county the Hon. C. E. JENNINGS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed September 1, 1915.

### Statement of the Case.

Action by Lloyd Watts, plaintiff, against Eli Conant, defendant, in the County Court of Marion county, to recover eight dollars claimed by plaintiff to be due him from defendant. A trial before a justice of the peace resulted in a verdict by the jury for defendant. The justice's docket did not show that he entered judgment on this verdict. On appeal to the County Court after denying a motion to dismiss the appeal, the court rendered judgment for plaintiff. To reverse a judgment for plaintiff for eight dollars, defendant prosecutes this writ of error.

EARL C. HUGGINS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 162*—*when appeal cannot be prosecuted.* No appeal can be prosecuted from the verdict of a jury before a justice of the peace until the justice has rendered judgment on such verdict as required by Hurd's Rev. St., ch. 79, sec. 39 (J. & A. ¶ 6900).

2. JUSTICES OF THE PEACE, § 162*—*when no jurisdiction on appeal because no judgment entered.* A court to which an appeal is prosecuted from the verdict of a jury before a justice of the peace acquires no jurisdiction of the cause appealed where it does not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appear that the justice rendered a judgment on such verdict as required by Hurd's Rev. St., ch. 79, sec. 39 (J. & A. ¶ 6900).

3. JUSTICES OF THE PEACE, § 170*—*when right to appeal exists.* The authority for appeals from justices of the peace is purely statutory, and such appeals can be taken only in the manner provided by the statute.

4. JUSTICES OF THE PEACE, § 171*—*when statute confers no right of appeal from mere verdict.* Hurd's Rev. St., ch. 79, sec. 115 (J. & A. ¶ 6976), provides only for appeals from the judgments of justices of the peace, and not for appeals from the verdicts of juries in actions tried before such justices.

5. JUSTICES OF THE PEACE, § 106*—*what are requisites of judgment.* Under Hurd's Rev. St., ch. 79, sec. 39 (J. & A. ¶ 6900), providing for the rendering of judgments by justices of the peace, no formal words are required in entering such a judgment, but a judgment of some kind must be entered.

6. JUSTICES OF THE PEACE, § 212*—*when appeal should be dismissed.* On appeal from a justice of the peace where it did not appear that the justice entered a judgment on the verdict of a jury in the action where an appeal was sought to be prosecuted, the denial of a motion to dismiss the appeal *held* erroneous.

7. JUSTICES OF THE PEACE, § 162*—*when court on appeal no jurisdiction to enter judgment.* In an action tried in the County Court on appeal from a justice of the peace where it did not appear that the justice entered a judgment in the action in which the appeal was allowed, a judgment for plaintiff *held* erroneous, the court having in such case no jurisdiction to enter such judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.