## Charles F. Brown, Appellant, v. Pearly Williams, Appellee.

1. JUSTICES OF THE PEACE, § 172*— *when appeal cannot be prosecuted.* No appeal can be prosecuted from a verdict before a justice of the peace until the justice has rendered judgment on such verdict, and a court to which an appeal is taken before such entry of judgment acquires no jurisdiction.

2. JUSTICES OF THE PEACE, § 106*—*necessity of judgment and requirements of.* While the entry of a judgment by a justice of the peace on a verdict returned in his court is merely a clerical act and requires no formal words, a judgment of some description must be entered.

3. JUSTICES OF THE PEACE, § 218*—*when appeal dismissed on motion.* Where an appeal is taken to a Circuit Court from a verdict before a justice of the peace on which no judgment has been entered, it will be dismissed on motion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. JUSTICES OF THE PEACE—*when objection to jurisdiction of Circuit Court on appeal cannot be raised after verdict.* Where an appeal is taken from a verdict before a justice of the peace to the Circuit Court, in an action of the subject-matter of which the latter court has original jurisdiction and no objection is made that no judgment was entered by the justice, but both parties appear and proceed to trial, objection to the jurisdiction of the Circuit Court on the ground that no judgment was entered by the justice cannot be raised after verdict in the Circuit Court.

Appeal from the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

JAMES H. SMITH and J. L. BOYLES, for appellant.

H. W. SHRINER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was commenced by appellant before a justice of the peace to recover damages occasioned by the failure of appellee to deliver a horse which appellant claimed to have purchased of him. Appellee denied there was any contract of sale. The case was tried before a jury and resulted in a verdict for appellee but the justice rendered no judgment on the verdict, the entry of the verdict being the last entry upon his docket. Within 20 days from the date of the trial appellant filed an appeal bond with the justice, who thereupon transmitted all papers and a transcript of his docket to the Circuit Court. At the next term of that court both parties appeared in person and by their attorneys and the case was tried before a jury, which returned a verdict for appellant and assessed his damages at $30.

Appellee made a motion for a new trial but later withdrew it and entered motions in arrest of judg-

ment, and to dismiss the appeal on the ground that the Circuit Court had no jurisdiction of the subject-matter because no judgment had been entered in his docket by the justice. The court allowed the motion, arrested judgment, dismissed the appeal and rendered a judgment against appellant for costs, from which this appeal was prosecuted. The action of the Circuit Court in arresting judgment and dismissing the appeal is assigned as error. Whatever may be the rule in other jurisdictions it is well established by the decisions of this State that no appeal can be prosecuted from a verdict of a jury before a justice of the peace until the justice has rendered judgment on such verdict as required by statute. A court to which an appeal is prosecuted from the verdict before a justice upon which no judgment has been entered acquires by the appeal no jurisdiction of the cause. (*Conant v. Watts*, 196 Ill. App. 569; *Church v. Stunkard*, 101 Ill. App. 148.) It is true the entry of a judgment by a justice of the peace upon a verdict returned in his court is but a clerical act and no formal words are required, but it is necessary that some kind of a judgment be entered. (*Church v. Stunkard, supra.*) In this case no such judgment was entered and the appeal was not properly taken. Had a motion been made before the trial of the case in the Circuit Court to dismiss the appeal for want of jurisdiction, it would have been well founded. Both parties, however, consented or elected to go to trial without any objection whatsoever. The Circuit Court had original jurisdiction of the subject-matter and under the statute the trial was *de novo*.

In *Randolph County v. Ralls*, 18 Ill. 29, it was said in reference to the question of jurisdiction of the Circuit Court of an appeal from an order of the County Court disallowing a claim: ''The Circuit Court, then, had original jurisdiction of the subject-matter, and the parties, by voluntarily appearing and consenting to a

trial between them upon that subject-matter, waived all objection to jurisdiction of the parties. The suit stood, so far as the jurisdiction of the court is concerned, the same as if it had been originally commenced in the Circuit Court in the ordinary way, and the parties brought in by the service of process; or as if they had voluntarily entered their appearance without any previous proceedings, and without objection gone to trial.  *  *  *  The rule is that jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived; but where the law confers upon the court original jurisdiction of the subject-matter, full appearance, without objection, confers upon the court jurisdiction of the person, and it may then adjudicate.''

In *Hanchett v. Williams*, 24 Ill. App. 56, where no transcript was filed on an appeal to the Circuit Court from a judgment of the justice of the peace, but where both parties went to trial and the cause was tried upon the merits without objection, the following language was used by the court in its opinion affirming the judgment: ''As the appellant appeared and went to trial in the Circuit Court, he cannot be heard now to object to the insufficiency of the transcript. Where the parties appear and try the case in the Circuit Court upon its merits, without objection, the court will have jurisdiction without a transcript, and the evidence will be looked into to see what the demand was and what the defense.''

In the case at bar the court unquestionably had original jurisdiction of the subject-matter and the plaintiff and defendant both appeared and proceeded to trial without objection thereby giving jurisdiction of the person. The cases of *Conant v. Watts* and *Church v. Stunkard*, above referred to, which are relied upon by appellee to sustain the judgment in this case, are not in point, as in each of those cases a motion to dismiss the appeal for want of jurisdiction was made

and overruled before the trial was entered into and the action of the court in overruling such motion was held to be error.  In this case, however, appellee made no such motion but he, as well as appellant, voluntarily went into the trial and the case consequently occupied the same position as though the action had been originally commenced in the Circuit Court in the ordinary way and appellee had, without service of process, entered his appearance and gone to trial. Appellee cannot be permitted to test the strength of his case by appearing in court and trying the same without objection and, after the verdict has gone against him, trifle with the court by then entering a motion to dismiss the appeal for want of jurisdiction. The Circuit Court had original jurisdiction of the subject-matter, the parties to the suit gave jurisdiction of the person and the court proceeded in an orderly way to a verdict.

From what is above said it will appear that the court below erred in sustaining the motion of appellee to arrest the judgment and dismiss the appeal for want of jurisdiction, and for that reason the judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*