### Louie Hogue, Appellee, v. Glen King et al., trading as King Meat Company, Appellants.*

1. JUSTICES OF THE PEACE—*no appeal without a judgment.* Formal words are not required of a justice of the peace in entering judgment, but some kind of judgment must be entered before appeal can be taken.

2. SAVING QUESTIONS FOR REVIEW—*how lack of justice's judgment raised in county court for Appellate Court.* Defendants in a case before a justice of the peace who appeal to the county court and therein enter a special appearance and file a written motion to dismiss the case, one of the grounds of which was that no valid judgment had been entered by the justice, thereby save for review by the Appellate Court the question whether the county court should have sustained their motion.

---

* Received from clerk of Appellate Court, August 8, 1927.

3.  JUSTICES OF THE PEACE—*what judgment amounts only to finding.* A so-called judgment of a justice of the peace which states that it finds a certain amount for the plaintiff and costs is not a judgment but merely a finding from which no appeal can be taken.

4.  JUSTICES OF THE PEACE—*jurisdiction of county court on appeal from finding of.* An appeal from a judgment of a justice of the peace which simply amounted to a finding gives the county court no jurisdiction and it should sustain a motion to dismiss the case.

Appeal by defendants from the County Court of Johnson county; the Hon. JOHN O. COWAN, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed February 25, 1925.

TROBAUGH & CHURCH, for appellants.

H. A. SPANN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was instituted by appellee, Louie Hogue, against King Meat Company, appellants before a justice of the peace.

After denying a motion to dismiss the suit, and the hearing of the testimony, the following entry was made by the justice of the peace: "June 10, 1924, The day of the trial, *All evidents* was *herd.* After hearing *evidents* for both plaintiff and defendant the. *cort* finds for plaintiff the amount of $15.30 and costs of suit. Costs 11.80 total 27.10. Andrew Jackson, J. P." The defendants perfected an appeal to the county court of Johnson county. Upon the case being called in that court, appellants entered a limited appearance and filed a written motion to dismiss the case. One of the grounds upon which that motion was based was that there was not a good and sufficient judgment entered by the justice of the peace. The only question involved in this appeal was whether or not the motion to dismiss should have been sustained by the county court.

It is true no formal words are required of a justice of the peace in entering judgment, but it is necessary that some kind of a judgment be entered; otherwise there is nothing to appeal from and the court appealed to acquires no jurisdiction of the case. (*Church v. Stunkard,* 101 Ill. App. 148; *Brown v. Williams,* 211 Ill. App. 39.) Had appellants proceeded to trial under a general appearance and without any motion to dismiss, they would not now be in position to raise this question, but their limited entry of appearance and motion to dismiss saved this question for review by this court. The entry by the justice in our opinion amounts simply to a finding and does not purport to be a judgment. That being true, the county court acquired no jurisdiction by the appeal and the motion to dismiss should have been sustained.

For the error in denying the motion the judgment is reversed and the cause remanded for further proceeding in accordance with the views above expressed.

*Reversed and remanded.*