Clyde Hagen, Appellee, v. Mabel Delatine et al.,
Appellants.

Opinion filed July 26, 1929.

P. K. JOHNSON, for appellants.

KEEFE & LISTEMAN, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion
of the court.

This is an action of replevin brought by appellee to
recover an automobile which had been seized under an

execution by a constable, who is one of the appellants. The appellants sought to justify by virtue of an execution issued by a justice of the peace on a so-called judgment under date of February 13, 1928.

Mabel Delatine sued Gill Shaub and Anna Shaub before a justice of the peace on February 5, 1928, and the cause was heard on February 13. The docket of the justice of the peace reads as follows: ''Mabel Delatine and Gill Shaub announces ready for trial, witnesses are sworn and heard and after hearing the evidence it is so judged by court Gill and Anna Shaub is guilty and assesses the plaintiff, Mabel Delatine, damages at $77.78 and costs of court, $6.40, this 13th day of February, 1928, execution immediately by affaid.'' The trial court refused to permit appellants to introduce the said alleged judgment in evidence.

Unless we can say that the purported judgment is a valid judgment, upon which execution could issue, the court did not err in its ruling. The burden of proof was upon appellants to support the execution by proof of a valid judgment existing at the time the execution issued. *Shue v. Ingle,* 87 Ill. App. 522.

The entry of a judgment by a justice of the peace is absolutely essential before an execution can be issued. 35 C. J. 695. The statute clearly contemplates that no execution can be issued by a justice of the peace before he has rendered judgment. Cahill's St. ch. 79, ¶ 120 *et seq.*

A verdict of a jury or a finding of the justice of the peace without the entry of a judgment is not sufficient to authorize the issuance of an execution. 23 C. J. 314; *Sare v. Butcher,* 141 Ind. 146, 40 N. E. 749; *Lowther v. Davis,* 33 W. Va. 132, 10 S. E. 20.

While no formal words are required of a justice of the peace in entering judgment, yet it is necessary that some kind of a judgment be entered. An entry made by a justice of the peace was as follows: ''June 10, 1924. The day of the trial, All evidents was herd.

After hearing evidents for both plaintiff and defendant the Cort finds for plaintiff the amount of $15.30 and costs of suit.'' We held that the said entry was not a judgment. *Hogue v. King,* 245 Ill. App. 314. If there was no judgment in that case we cannot see how it can be said that there is a judgment in the case at bar. It simply amounts to a finding upon which a judgment might have been entered, but it was not. In *Metzger v. Wooldridge,* 183 Ill. 174, the entry was: ''And the court having heard the motion, court overruled same, and judgment on the verdict for $1,521.09.'' It was held that no judgment had been entered. In the absence of a valid judgment the justice of the peace had no power or authority to issue the execution levied upon the automobile in question. Appellants had no other claim against the car and no other defense to the action. For the reasons aforesaid, it is unnecessary to mention any of the other contentions made by appellants. The judgment is affirmed.

*Affirmed.*