MALONEY, APPELLANT, *v.* SCHANDELMIER, RESPONDENT.

(No. 4,993.)

(Submitted January 2, 1923. Decided January 22, 1923.)

[212 Pac. 493.]

*Default Judgments—Vacation—Infant Defendant—Appearance by Guardian or Guardian ad Litem.*

Infant Defendant—Appearance by Guardian or Guardian *ad Litem.*
  1. An infant defendant can only appear by his general guardian or by a guardian *ad litem*, the mere fact that a parent is the natural guardian of the child not entitling him or her to appear and defend for it; and where it appears that an infant has no such guardian it is the duty of plaintiff to bring the matter to the attention of the court before proceeding to default or judgment.

Same—Default Judgment—Entry Before Appointment of Guardian *ad Litem*—Vacation Proper.
  2. Since an infant defendant could not have appeared in an action against him prior to the appointment of a guardian *ad litem* had he so desired, and no such guardian had been appointed at the time judgment by default was entered against him, the default was properly vacated against the contention of plaintiff that counsel employed by the father of defendant had made an insufficient showing of inadvertence or excusable neglect.

*Appeal from District Court, Phillips County in the Seventeenth Judicial District; Charles A. Rose, Judge of the Eighteenth District, presiding.*

ACTION by Chris Maloney against Clyde Schandelmier. There was a judgment for plaintiff by default, and from an

---

1. Necessity for appointment of guardian *ad litem* when infant defendant has general or natural guardian, see note in **Ann. Cas.** 1912D, 363.

Powers, rights and liabilities of guardian over actions to enter appearance of ward, see note in 32 **L. R. A.** 681.

order setting aside the default and vacating the judgment, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Fred C. Gabriel,* for Appellant.

Judgment rendered against an infant defendant is not void for the reason that he appeared by an attorney and not by guardian *ad litem.* (*Childs* v. *Lanterman,* 103 Cal. 387, 42 Am. St. Rep. 121, 37 Pac. 382; *Emeric* v. *Alvarado,* 64 Cal. 529, 2 Pac. 418; *Barber* v. *Graves,* 18 Vt. 290; *Marshall* v. *Fisher,* 1 Jones (N. C.), 111; *Townsend* v. *Cox,* 45 Mo. 401.)

*Messrs. Norris, Hurd & Rhoades* and *Messrs. Tressler & Kirton,* for Respondent.

From section 9071, Revised Codes of 1921, it clearly appears that a minor must appear in court by a guardian *ad litem* or by a regular guardian, and may not otherwise appear. Montana authorities having application to the subject matter are as follows: *Hoskins* v. *White,* 13 Mont. 70, 32 Pac. 163; *State, etc.,* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *Flaherty* v. *Butte etc. Co.,* 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416; *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281; *Brynes* v. *Butte Brewing Co.,* 44 Mont. 328, 119 Pac. 788; *Power* v. *Lenoir,* 22 Mont. 169, 56 Pac. 106; *Melzner* v. *Northern Pac. Ry. Co.,* 46 Mont. 162, 127 Pac. 146.

As to the duty of the court when the fact of minority in a litigant is made to appear, see *Midland Trading Corp.* v. *Hechtkopf,* 176 N. Y. Supp. 712; *Seiden* v. *Reimer,* 180 N. Y. Supp. 345, 190 App. Div. 713; *Northern* v. *Scruggs,* 118 Miss. 353, 79 South. 227; *Johnston* v. *Moeller,* 93 Conn. 590, 107 Atl. 556; *Fodor* v. *Kunie,* 92 N. J. Eq. 301, 112 Atl. 598.

The default and judgment against Clyde Schandelmier was voidable. (22 Cyc. 634, 640, 645.)

MR. CHIEF COMMISSIONER LAW prepared the opinion of the court.

The complaint in this cause was filed on January 9, 1921. Summons was served on the defendant on June 14. On July 7, the default of the defendant was entered because of his failure to make an appearance, and thereafter on September 2, 1921, evidence was introduced, and judgment entered for plaintiff. It appears that the defendant was a minor of the age of eighteen years at the time of the commencement of the action, and had no general guardian. When served with process, he delivered the summons to his father, who on or about the thirtieth day of June, consulted with Edwin L. Norris, Esq., at Chester, Montana, who at that time was engaged in the defense of a person charged with murder. Mr. Norris asserts in his affidavits in support of the application for the appointment of a guardian *ad. litem* and in support of the motion to set aside the default, that the consultation occurred during a recess of court, and at the time he was treating his throat for an attack of tonsilitis; that he made only meager memoranda of the matter, and did not charge his mind fully with the facts of the case; and that the entire matter, on account of the pressure of the trial in which he was engaged, escaped his attention until August 9, 1921, when he discovered the memoranda in his handbag. He asserts that the memoranda were insufficient to advise him of the correct title of the case and the correct name and postoffice address of the defendant. Upon learning of the correct name and address of the defendant, he immediately by letter requested a conference with defendant. The defendant and his father appeared at Mr. Norris' office at Great Falls on August 23, for consultation. Counsel then learned for the first time that the defendant was a minor. On August 25, he prepared an application for the appointment of a guardian *ad litem* and affidavits in support thereof. The application was presented to the court on September 28, and was denied, the court assigning no reason for such action. On October 7, 1921, William Schandelmier,

father of defendant, filed a renewal application for the appointment of a guardian *ad litem,* supported by affidavits of himself and counsel. He also presented a motion to set aside the default and the judgment. On October 21 the application for the appointment of a guardian *ad litem* denominated "renewal of motion heretofore made," and new motion for the appointment of a guardian *ad litem* of defendant were made. The application was made contemporaneously with a motion to set aside the default and judgment against the defendant. After hearing the application and motion on October 21, 1921, the court made an order appointing William Schandelmier guardian *ad litem* of the defendant, and also made an order setting aside the default and vacating the judgment, and ordered the guardian to take proper action to protect the rights of the defendant minor. This appeal is from the order setting aside the default and vacating the judgment.

The only error assigned is that the court erred in granting [1, 2] defendant's motion to set aside the default and vacate the judgment, for the reason that no sufficient showing of inadvertence or excusable neglect was made. The defendant guardian's motion to set aside the default is grounded upon two propositions, namely, infancy of the defendant and excusable neglect. It does not appear that the minority of the defendant was called to the court's attention at any time prior to the month of September, 1921, or to the attention of counsel for defendant at any time prior to August 23, 1921. An infant, whether plaintiff or defendant, must appear in an action either by his general guardian, or by a guardian *ad litem,* appointed by the court. (Sec. 9071, Rev. Codes 1921.) If he has arrived at the age of fourteen years, he may make application for the appointment of his guardian, and if he fails for a period of ten days to so do, a relative or a friend or any party to the action may make the application. (Sec. 9072, subd. 2, Rev. Codes 1921.) As soon as counsel for the defendant discovered the minority of his client, he took immediate action to secure the appointment of a guardian *ad litem.* The application for the appointment was at first denied.

The application was renewed, and on October 21, 1922, a guardian was appointed. Prior to this time the defendant could not have appeared, had he so desired.

It does not appear from the record whether the plaintiff knew at the time of the commencement of the action that defendant was a minor. If he knew such fact, he had the right, opportunity, and it was his duty, to bring the defendant properly into court, before taking further action in the case. The appellant, however, devotes his entire argument in an effort to show inexcusable neglect on the part of counsel for respondent, because of his failure to appear for defendant after consultation with defendant's father. The rule, however, seems well established that no legal right of parentage or of natural guardianship will enable one to act for an infant without an appointment as guardian, and if there is no guardian of an infant, then the duty is on the plaintiff to bring the matter to the attention of the court before proceeding to default or judgment in the case. (*Johnson* v. *Waterhouse,* 152 Mass. 585, 23 Am. St. Rep. 858, 11 L. R. A. 440, 26 N. E. 234.)

In *Bank of the United States* v. *Ritchie et al.,* 8 Pet. 128, 8 L. Ed. 890, Mr. Chief Justice Marshall said: "In all suits brought against infants, whom the law supposes to be incapable of understanding or managing their own affairs, the duty of watching over their interests devolves, in a considerable degree, upon the court. * * * They defend by guardian, to be appointed by the court, who is usually the nearest relation not concerned, in point of interest, in the matter in question."

The doctrine that a parent of an infant by reason of the fact that she or he is the natural guardian of the child is not competent to appear and defend in an action against an infant has an exception only in the state of Vermont. The doctrine to the contrary prevailing in that state has been repeatedly referred to, discussed, and condemned. Moreover, our statute is explicit and exacting in appearance and defense by guardian, regular or *ad litem.* (Sec. 9071, Rev. Codes 1921.) This court said in *Power* v. *Lenoir,* 22 Mont. 169,

56 Pac. 106: "The court will, in its discretion, make any such order in favor of a minor not violative of established principles of law, but we have been unable to find any case in which the court indulges in any presumption against the minor." It is the well-established policy of the law to protect the rights of minors, and in this respect the courts are charged with vigilance.

We are of the opinion that the defendant in this case may not be held responsible for the failure of counsel to appear in this cause after consultation with his father, and prior to the appointment of a guardian, and that it may well be doubted whether a minor can be charged with inadvertence or neglect of counsel on account of his failure to respond to a summons in an action to which he is a party. May he not rely upon the protection given him by the statutes, and await action on the part of his adversary to properly bring him into court?

We are of the opinion that the district court committed no error in setting aside the default and vacating the judgment in this cause, and therefore recommend that the order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the order appealed from is affirmed.

*Affirmed.*