[Civil No. 2957. Filed April 1, 1931.]

[297 Pac. 443.]

ELMA T. BURMISTER, as Administratrix of the Estate of R. H. BURMISTER, Deceased, Appellant, v. CITY OF PRESCOTT, E. C. SEALE, Mayor, and WILLIAM BYERS, P. H. MILLER, Members of the Common Council of Said City, and GEORGE M. PAYNE, Tax Collector of the City of Prescott, Arizona, Appellees.

Messrs. Favour & Baker, for Appellant.

Messrs. Cornick & Crable and Mr. J. Andrew West, for Appellees.

LOCKWOOD, J.—This is an action for a writ of *mandamus* against the City of Prescott and certain officials thereof, hereinafter called appellees, to compel such officials to issue to the Continental Oil Com-

pany, a corporation, hereinafter called the company, a license to operate an automobile service station on certain property in said city owned by the estate of R. H. Burmister, deceased. Elma T. Burmister, as administratrix of said estate, whom we shall hereafter call appellant, joined with the company in applying to the superior court of Yavapai county for the writ of *mandamus*. Judgment was rendered in the trial court in favor of appellees, and the company accepted such judgment, and has taken no appeal therefrom, the administratrix as above being the sole appellant.

The facts in the case, so far as they are necessary to its determination, are in no way in dispute, and may be stated as follows. The Burmister estate owned lots 21 and 23 in block 2 of the City of Prescott, and during the month of March, 1929, the administratrix and the heirs of Burmister entered into a contract of sale of a certain portion of said lots to the company. Under this contract the company agreed to make the purchase under certain conditions. These conditions, so far as material to this action, were as follows: (a) The company should apply to the city of Prescott for a license permitting it to operate a gasoline service station on the premises in question, the administratrix joining in such application if she so desired; (b) if the permit was refused a proper suit should be instituted to force the issuance of the permit; (c) either party might seek a review of the decision of the trial court in the appellate court; and (d) if the litigation were unsuccessful, the company was not bound to make the purchase.

Application was duly made by the company, the appellant not joining therein, to the common council of the City of Prescott for a license as aforesaid, which license was refused, and thereafter the company and appellant joined in this action for a writ of *mandamus* to compel its issuance. Appellees

moved to strike the complaint as to the administratrix for the reason that she was not an applicant for the license and had no interest in the subject matter of the litigation and was not·the real party in interest, and also demurred to the complaint for the same reasons. The motion and the demurrer were both overruled, and the case was heard before the trial court on its merits, and the writ of *mandamus* denied. From the judgment and the order denying the motion for a new trial, the administratrix has appealed.

The case presents a very interesting proposition on its merits, going to the authority of the City of Prescott to refuse to grant licenses for the conduct of automobile garages and service stations within its boundaries, under the circumstances appearing in the record, but we are of the opinion we should not and cannot consider that question, as the case must be decided on matters of procedure. As we have stated, the action was one to compel the City of Prescott to issue a license to the company. The appellant had made no application for a license, claimed no interest in the one asked for by the company, and could not in any way be directly affected by a judgment either granting or denying the writ of *mandamus.* Her sole interest was predicated on the theory that, unless the license was issued, the company, under the terms of her contract with it, could not be compelled to purchase the property of her decedent, and that therefore she was indirectly interested in seeing that it received the license. Under these circumstances, can she maintain this appeal?

An appeal is a right given by statute only, and one desiring to avail himself of the right must bring himself strictly within the terms of the statute. *Thomas* v. *Elliott,* 215 Mo. 598, 114 S. W. 987; *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605; *State* v. *Chittenden,* 127 Wis. 468, 107 N. W. 500. Section 3658, Revised Code of 1928, reads as follows:

"Judgments and orders reviewable by appeal only; by whom. A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in this chapter, and not otherwise; such an appeal may be taken by any party *aggrieved by such judgment or order.*" (Italics ours.) Is appellant "aggrieved," within the meaning of the statute, by the judgment herein?

The phrase "aggrieved party," as used in a statute regulating the right of appeal, has frequently been defined by the courts. After comparison of the cases, it appears there are two essential conditions which must exist: (1) There must be a denial of some personal or property right to the party by the decree; and (2) such denial must come as a direct result of the decree, and not merely as a result *in some other proceeding* of the application of a legal principle established in the decree appealed from. *Elcan's Admr.* v. *Lancasterian School,* 2 Pat. & H. (Va.) 53; *State* v. *Central Vermont R. Co.,* 81 Vt. 459, 71 Atl. 193; *Lamar* v. *Lamar,* 118 Ga. 684, 45 S. E. 498. The suit was for the sole purpose of securing a license for the company. Appellant had no legal interest, past, present, or prospective, in the subject matter of the suit; i. e., the license. The only direct result of the decree was to deny the license to the company—not to appellant.

If A agrees to purchase an automobile from B, conditioned on A's recovering a money judgment from C, B is certainly not a proper party to the suit between A and C, and, if by error he is permitted to become a party, he is not legally "aggrieved" by a judgment for C, no matter what the ultimate effect on his contract of sale.

We are of the opinion that appellant was not a party aggrieved within the meaning of section 3658, *supra,* and the appeal is accordingly dismissed.

McALISTER, C. J., and ROSS, J., concur.