203 P.2d 867

### In re ROSEMAN'S ESTATE.

### HOWARD et al. v. ROSEMAN.

### No. 5022.

Supreme Court of Arizona.

March 21, 1949.

Otis J. Baughn, of Phoenix (Moore & Romley, of Phoenix, on Reply Brief and Oral Argument only), for appellants.

D. V. Mulhern and B. H. Gibbs, both of Phoenix, for appellee.

DE CONCINI, Justice.

This is an appeal by Walter L. Howard and Gustave J. Romo, who were named alternate executors in the will of Dan F. Roseman, deceased, from an order refusing to remove the present executor of said estate.

The case arose in this manner. Dan F. Roseman died April 15, 1943, in Ray, Pinal County, Arizona. He left two wills, one dated August, 1928, with a codicil thereto executed in February, 1943, and a later will executed April 12, 1943. The latter named Tom MacKenzie and William P. Roseman (deceased's brother) as executors, and appellants herein as alternate executors.

The first action taken in the estate was that of D. V. Mulhern (now attorney for appellee herein) who applied for and was granted special letters of administration of deceased's estate in December, 1943. On March 4, 1944, Tom MacKenzie applied for letters testamentary under the last will for appellants herein as alternate executors, stating that he declined to act and that the other named executor, William P. Roseman, was a nonresident. Then William P. Roseman applied for letters testamentary under the first will; asked the court to ascertain which will was the legal will of deceased; and objected to the appointment of Howard and Romo as executors. The two probate petitions were consolidated and heard at the same time before the Honorable W. C. Truman, resident judge of the superior court of Pinal county, on April 10, 1944. At that hearing the lower court admitted the will of April 12, 1943, to probate; denied Howard and Romo the right to act as executors; and appointed appellee William P. Roseman as executor, who then entered upon his duties as such.

Appellee as executor brought a civil action in Pinal county against Tom MacKenzie for the return of a building and loan certificate in his possession alleged to belong to the estate reputedly worth $12,500.

Two years and five months later, in September, 1946, appellants petitioned the court for removal of William P. Roseman as executor on the ground that "he was not at the time of his appointment a resident and has not since been and he is not now a resident of the state of Arizona." The court below by an ex parte order suspended the appellee's power as executor, and cited him to show cause why he should not be permanently removed as executor. The parties stipulated to the assignment of the case to Honorable Henry C. Kelly, Judge of Superior Court of Yuma County. The matter was heard on March 11, 1947. The trial court thereupon vacated the previous order suspending the appellee's powers, and denied appellants' petition to be appointed as executors, from which orders they appeal.

The basis for the appeal was that appellee, after his appointment as executor,

left the state for nearly two and one half years and did not return until cited to do so, and therefore disqualified himself to further act as executor.

Appellees move for dismissal of the appeal on the grounds (1) that appellants have no interest in the estate that gives them the right to appeal; and (2) that the matter is res judicata as to Judge Truman's hearing, and this appeal is only by implication or insinuation an appeal from Judge Kelly's order. Further, appellees contend, on the merits of the case, that the evidence establishes that appellee was on April 10, 1944, has been since, and now is a bona fide resident of Arizona.

█ We believe this matter can be effectually disposed of by dismissing the appeal on the ground that appellants have no interest in the estate that would entitle them to appeal. Section 21-1701, Arizona Code Annotated 1939, provides: "A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in this chapter (article), and not otherwise; such an appeal may be taken by any party aggrieved by such judgment or order."

We have heretofore held that to be a party aggrieved there must be a denial of some personal or property right to the party by the decree, and such denial must come as a direct result of the decree, and not merely as a result in some other proceeding of the application of a legal principle established in the decree appealed from. Burmister v. Prescott, 38 Ariz. 66, 297 P. 443.

█ Appellants knew they were named as alternate executors. They were both witnesses to the last will and testament of deceased, dated April 12, 1943. No action was taken by any one until seven months later when D. V. Mulhern was appointed special administrator. One year after deceased's death, MacKenzie applied for letters testamentary, not for himself, however, but for the alternates (appellants herein). It was three and one half years after the death of Dan Roseman before appellants took any action themselves, and the testimony of both appellants at the trial before the lower court conclusively showed that they had no interest in the estate except to further the interests of Tom MacKenzie. The latter's lawyer prepared the petition for appellants to remove appellee. Howard testified that he would be guided by MacKenzie's lawyer for advice, and Romo refused to answer when asked if he didn't sign the petition praying for appellee's removal at the request of MacKenzie's attorney. The evidence is irrefutable that their interest was that of MacKenzie rather than the good of the estate.

Section 38-204, A.C.A.1939, provides as follows: "Executor failing to petition for probate.—If the person named in a will as executor, for thirty (30) days after he has knowledge of the death of the testator,

and that he is named as executor, fails to petition the proper court for the probate of the will, and that letters testamentary be issued to him, he renounces his right to letters, and the court may appoint any competent person administrator with the will annexed, unless good cause for the delay is shown."

In construing said statute we have heretofore held: "The claim by contestants that it was error for the court to refuse to appoint Honorene M. Parker as administratrix with the will annexed upon their request, we next consider. Contestant Helen L. Welch was named in the will as executrix, but not being a resident of Arizona she was not competent to serve. Section 38-302. If she had been competent to act as executrix, it was her duty under the statute to petition for letters within 30 days after she knew of decedent's death, which she did not do. Such delay is, under the statute, a renunciation of the right to have letters and authorizes and empowers the court to 'appoint any competent person administrator with the will annexed.' Section 38-204. * * *" In re Welch's Estate, 60 Ariz. 215, 134 P.2d 701, 703.

The only possible interest the appellants could have in said estate (they being neither legatees, heirs, nor creditors) would be the right to their fee as executors; but by their inaction even this right they renounced. Hence, they have no right to appeal.

Appeal dismissed.

UDALL and STANFORD, JJ., concur.

Note: Due to illness, the CHIEF JUSTICE did not participate in determining this appeal.

PHELPS, Justice (specially concurring).

I concur in the results reached by the majority opinion in this case but prefer to base my decision upon the proposition that the question here involved was res judicata at the time it was presented to the trial court in 1947.

The allegations in the petition clearly indicate this to be true.

There is no allegation in the pleading that William P. Roseman, executor of the above estate, was ever a bona fide resident of Arizona or that he duly qualified as such executor and thereafter removed from the state in violation of his trust as such executor so as to bring this cause of action within the provisions of section 38-705, A.C.A.1939.

There is no question but that Letters Testamentary of a duly appointed and qualified executor may be revoked because of his removal from this state in violation of his trust as such executor. It is my view, however, that before such letters may be revoked that the law as set forth in section 38-705, supra, contemplates said executor must have been a bona fide resident of the state at the time of his appointment, qualified to act, and that he actually qualified as such executor and thereafter

removed from the state. Contrary to such a situation, the allegations of the petition are that Roseman was not at the time of his appointment nor at any time since, a bona fide resident of Arizona; that his appointment as executor was procured by false testimony and that after his appointment, the allegations are merely that "he assumed to act as executor" and that at all of said times he was a bona fide resident of the State of Wisconsin.

At the time of Roseman's appointment as executor in April, 1944, the court was required to find as a condition precedent to his appointment that he was a bona fide resident of this state. Granting that the court's finding and order of appointment was based exclusively upon false testimony such fact does not have the effect of rendering said order and judgment void so as to subject it to collateral attack in this proceeding. Said judgment speaks with absolute verity on each material fact necessary to its rendition including the bona fides of Roseman's residence in Arizona at that time. If this were not true no judgment could be enforced because of a lack of finality.

It is my view therefore that the pleadings clearly indicate that this is a collateral attack upon the order and judgment of the trial court entered in this cause by Judge Truman in April, 1944, that said order was a valid order although based on false testimony and may not be collaterally attacked in this proceeding and that said cause should be remanded to the trial court with directions to dismiss the petition.