**318 P.2d 676**

**Edward ACKEL, Sr., father of the defendants hereinafter named, Appellant,**

**v.**

**Alexander ACKEL and Victoria Ackel Karam, as Trustees of and under the Last Will and Testament of Salim Ackel, Deceased, Plaintiffs and Appellees,**

**Frederick Ackel, Edward Ackel, Jr., and Daniel Ackel, Minor Defendants.**

**No. 6200.**

Supreme Court of Arizona.

Dec. 3, 1957.

Andrew L. Bettwy, Phoenix, for appellant.

Moore & Romley by Anthony T. Deddens, Phoenix, for plaintiffs-appellees.

No appearance was made by defendants.

UDALL, Chief Justice.

The sole appellant here is Edward Ackel, Sr. While he presents some twenty-two poorly-drawn assignments of error and fifteen supporting propositions of law, we are of the opinion the appeal can be effectively disposed of by considering only these two related questions, viz.:

1. Did the trial court err in its finding of fact and its judgment based thereon, that appellant was not a party to the suit nor a person interested in the outcome of these proceedings?

2. If the above question be answered in the negative, does the appellant have any standing to prosecute this appeal either as "an aggrieved person" or as an "amicus curiae" and does such an appeal properly invoke the jurisdiction of this court?

Appellees (plaintiffs) raise this latter question by a motion to dismiss the appeal.

For convenience and brevity, the plaintiffs in the trial court (appellees herein) will be referred to as plaintiffs. The minor defendants will be named as such and their

guardian ad litem will be referred to as the guardian; Edward Ackel, Sr. will be referred to either as appellant or as the father of the minor defendants.

A brief resume of the proceedings in the trial court is essential to an understanding of the determinative problems presented, supra. The suit was brought under the provisions of the Declaratory Judgment Act (Art. 7, sections 27–701 to 706, A.C.A. 1939; now A.R.S., Title 12, Article 2).

. Plaintiffs, as Trustees under the Last Will and Testament of Salim Ackel, deceased, filed suits seeking authority to sell certain real property belonging to the trust, and invoking the general equity jurisdiction of the court to allow them to sell said property. The three minor beneficiaries of the trust were named as parties defendant. Two of the minor defendants were over 16 years of age, one was under 16 but over 14 years of age.

The amended complaint disclosed that plaintiffs had negotiated a sale of real property described therein as Parcel No. 2 (this is a parking lot opposite the Paramount Theatre at Adams and Second Avenue) for the price of $168,625; that an undivided one-fourth interest of said property was included in the res of said trust; and that the trustees, as individuals, and their brother Lionel, each owned an undivided one-fourth interest therein; the negotiated sale being subject to approval and order of the court authorizing and directing the trustees to make the sale on the terms therein disclosed. Said amended complaint also alleged that one of the tenants in common (other than the trustees) had threatened to force a sale of the premises by partition if the court failed to approve and authorize the negotiated sale of said property, which forced sale, it was alleged, would result in a loss to the trust estate.

They invoked the general equity powers of the court seeking authority to sell at the negotiated sale price to protect and preserve the property of the trust estate represented by the value of its one-fourth interest in said property, in order to avoid a loss at a public sale in the threatened partition proceedings and to avoid future litigation.

Defendants, then of the ages of 20, 18, and 14 years respectively, were personally served within the State of Arizona. Appellant was also served personally within the state—not as a party defendant but to give notice only as the father of the 14-year-old defendant, Daniel Ackel. This service was made pursuant to section 21–305(2) [A], A.C.A.1939 as amended effective September 1, 1953 (now rule 4(d) 2, Rules of Civil Procedure, 16 A.R.S.), which states:

"Upon a minor under the age of sixteen years, by service in the manner set forth in subdivision (1) of this rule

upon the minor *and upon his father,* mother or guardian, within this state, or if none be found therein, then upon any person having the care or control of such minor, or with whom he resides. * * *" (Emphasis supplied.)

Undoubtedly the object of the rule is to bring notice to one who would naturally feel enough interest in the infant to see that his rights were protected. However, it does not make such person a party to the suit. Cf. Cheatham v. Whitman, 86 Ky. 614, 6 S.W. 595; 27 Am.Jur., Infants, section 139, page 858.

Attorney W. T. Willey was appointed guardian ad litem by the court pursuant to a signed petition filed by the three minor defendants. Thereafter, following a trial on the merits, of which the father did not have notice, but still within 20 days of service upon him, the appellant filed an answer. This action was taken without leave of court or a petition to intervene in the suit. Such answer alleged that appellant believed himself "pecuniarily as well as parentally interested in the outcome of said action." Inter alia it was denied that the offer of sale was for an advantageous price or that it was for the best interest of the minor defendants or the trust estate that such a sale be consummated.

With consent of plaintiffs and defendants, appellant was granted a hearing at which plaintiffs and appellant were represented by counsel and defendants were represented by their guardian ad litem. At this hearing plaintiffs moved to strike the answer of appellant on the ground he was not a party to the action. However, both plaintiffs and defendants stated they had no objection to appellant appearing as an amicus curiae. After this motion to strike was made appellant requested, in the alternative, permission to appear either as a party to the action or as a friend of the court. Addressing the court he stated: "I would like to let the matter rest with you."

The motion to strike was taken under advisement and evidence was thereafter offered by appellant and his witnesses. At the conclusion of the hearing appellant made motions for summary judgment and for dismissal of the complaint, which were subsequently denied.

The court's decision and order for judgment found the issues in favor of the plaintiffs-trustees; approved of the terms and conditions of the negotiated sale as an advantageous sale and for the best interest of the trust and the minors; found the tenant-in-common had a right to demand a partition sale of the property and that his threat to bring about such sale was a real and genuine threat which, if pursued, would result in loss to the minor beneficiaries and to the trust estate which loss would defeat or substantially impair the accomplishment of the purposes of the

trust. The court found that it was necessary to approve the negotiated sale to avoid such prospective loss and injury to the trust estate and thereby promote the best interests of the minor beneficiaries. The court concluded that the threatened partition proceedings would be detrimental to the estate and that the sale should be approved, best interests of the minors and the trust authorized and directed in accordance with the terms of the negotiated sale.

The decree of court followed the findings and conclusions. It directs the trustees to sell the property substantially in accordance with the terms and conditions of the negotiated sale, all of which were approved, and authorized the execution of the proper instruments to carry out the orders of the court. The court ruled that Edward Ackel, Sr., was neither a necessary, indispensable nor proper party to the action and that he was permitted to appear in the action solely as an amicus curiae, and therefore ordered his answer to be stricken from the file, dismissed and denied; but did consider each and all of them and the evidence presented by the father as important suggestions of a friend of the court. The court also found that the infant defendants had been ably represented by the guardian.

■ The father filed a motion for new trial and when this was denied he gave notice of appeal from both the judgment entered on August 31, 1955, and from the order denying his motion for a new trial. On this state of the record we are of the opinion the trial court did not err in finding that appellant was not a party, nor a person interested in the outcome of these proceedings and hence we hold the trial court ruled correctly in striking appellant's answer from the files.

■ We next consider the second question presented, i. e., appellant's right to prosecute this appeal. It is well settled in this jurisdiction that the right to appeal exists only where granted by statute. As is stated in Barth v. County of Apache, 18 Ariz. 439, at page 441, 162 P. 62, at page 63:

"* * * The right to appeal is one given litigants by statute, and exists only by force of statute. In order to exercise that right, a party must bring himself within the conditions prescribed by the statute conferring the right, otherwise he has no right of appeal."

Accord: Ross v. Industrial Commission, 82 Ariz. 9, 307 P.2d 612; Levy v. Stofella, 14 Ariz. 262, 127 P. 725. Section 21–1701, A.C.A.1939 (Rule 73(a) Rules of Civil Procedure), states:

"A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in this chapter (article), and not otherwise; such an

appeal may be taken by *any party aggrieved* by such judgment or order." (Emphasis supplied.)

Can it be said that appellant is a "party aggrieved"? We think not. At the second hearing it was determined appellant had no pecuniary interest in the trust involved. Since he suffers no property or financial loss due to the judgment, we hold he is not a party aggrieved. In re Roseman's Estate, 68 Ariz. 198, 203 P.2d 867; Burmister v. City of Prescott, 38 Ariz. 66, 297 P. 443.

■ The only interest appellant had was that of a parent of the minor defendants, yet at no time did he move to revoke the appointment of W. T. Willey as guardian ad litem, nor did he ever petition the court to be appointed as guardian for his three minor children. A guardian ad litem having been appointed, appellant could not, merely because he was their father, represent the minor defendants, hence we hold he has no right as a parent to prosecute this appeal. Accord: Maloney v. Schandelmier, 65 Mont. 531, 212 P. 493; Johnson v. Waterhouse, 152 Mass. 585, 26 N.E. 234, 11 L.R.A. 440; 43 C.J.S. Infants § 109(b), p. 286; 27 Am.Jur., Infants, section 120 at page 841.

■ The court did not err in permitting appellant to appear as an amicus curiae. It is well settled, however, that an amicus curiae cannot effect an appeal since he has no standing in court other than as such "friend". He cannot take exceptions to rulings nor appeal such decisions as the court may render. City and County of Denver v. Denver Tramway Corporation, 8 Cir., 23 F.2d 287, certiorari denied 278 U. S. 616, 49 S.Ct. 20, 73 L.Ed. 539; City of Winter Haven, Fla. v. Gillespie, 5 Cir., 84 F.2d 285, certiorari denied Hartridge-Cannon Co. v. Gillespie, 299 U.S. 606, 57 S.Ct. 232, 81 L.Ed. 447; Stinnette v. Mauldin, Tex.Civ.App., 251 S.W.2d 186; Douglas v. Trust Co. of Georgia, 147 Ga. 724, 95 S. E. 219; Cf. In re Pina's Estate, 112 Cal. 14, 44 P. 332; In re Bodger's Estate, 128 Cal.App.2d 710, 276 P.2d 83.

Having concluded that appellant has no standing, in any capacity, to prosecute this appeal, there is no occasion for us to consider on the merits any of the numerous legal questions which he attempts to raise by other assignments of error; to do so would be wholly improper and any pronouncements made would be purely dicta.

It appearing that appellee's motion to dismiss the appeal is well taken, it is therefore ordered that said appeal be and the same is hereby dismissed for the reason that this court is without jurisdiction to entertain it.

Appeal dismissed with costs to appellees.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.