## FRANK S. WEIGLEY

*v.*

## CANUTE R. MATSON *et al.*

*Filed at Ottawa May 9, 1888.*

1.  RECORD *imports verity — parol evidence.*   The record of a court, showing a judgment by confession in open court, imports verity, and can not be contradicted by parol evidence.   The record of such judgment is the only proper evidence of itself, and is conclusive evidence of the fact of its rendition, and of all the legal consequences resulting therefrom, both as against the parties, and all others whose interests may be affected thereby.

2.  CONFESSION OF JUDGMENT—*including an attorney's fee—consideration.*   A stipulation in a warrant of attorney for the confession of a judgment, by which a debtor agrees to pay the fees of his creditor's attorney in case the creditor is compelled to resort to legal proceedings to collect his debt, is an agreement which is not only eminently just, but which rests upon a good and valuable consideration.

3.  EXECUTION—*before judgment entered.*   Where judgment is taken in term time, it being a part of the proceedings of the court in term time, it is not material whether the record of the same is written up, or not, at the time an execution is issued thereon.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRANT, for the appellant:

A judgment by confession can be either entered in term time or vacation, and if in term time, it can only be in open court. *Conkling* v. *Ridgely,* 112 Ill. 40; *Anderson* v. *Field,* 6 Bradw. 314.

The entry of a judgment is a judicial act, and the judge can not perform such an act except when sitting in open court and acting as a court.   *Ling* v. *King,* 91 Ill. 571.

If the judgment were confirmed in vacation, then no execution could be valid when issued before the judgments were

entered upon the record. *Ling* v. *King*, 91 Ill. 571; *Cummins* v. *Holmes*, 109 id. 15.

Attorney's fees confessed by an insolvent debtor are fraudulent as against *bona fide* creditors.

Messrs. FLOWER, REMY & HOLSTEIN, for the appellees:

The record, showing these judgments were confessed in open court, imports verity, and can not be contradicted. *Richardson* v. *Beldam*, 18 Bradw. 529; *Freydendall* v. *Baldwin*, 103 Ill. 329; *Wiley* v. *Southerland*, 41 id. 25; *Roche* v. *Beldam*, 119 id. 320.

A stipulation for the payment of attorney's fees, in a promissory note, in the event of an action to collect the same, is valid and enforcible. *Nickerson* v. *Sheldon*, 32 Ill. 372.

A judgment entered by confession upon a warrant of attorney may properly include attorney's fees, if authorized by warrant of attorney. *Ball* v. *Miller*, 38 Ill. 110; *Clawson* v. *Munson*, 55 id. 394; *Dunn* v. *Rodgers*, 43 id. 260; *Haldeman* v. *Life Ins. Co.* 120 id. 390; *Smith* v. *Silvers*, 32 Ind. 321; *Parkam* v. *Pulliam*, 5 Coldw. 487.

The bill fails to show want of jurisdiction, or fraud in the rendition of the judgments.

Per CURIAM: The opinion of the Appellate Court for the First District, in this case, is as follows:

"BAILEY, J.: The complainant having obtained a judgment against one Sea, and having levied his execution upon the property of his debtor, seeks, by his bill, to have certain prior judgments and executions against the same debtor, and in favor of other creditors, vacated and declared null and void, so as to give priority to the complainant's execution. The judgments attacked were entered by confession, and no claim is made that the indebtedness for which they were entered was not justly and in good faith due, nor are there any allegations

of fraud or collusion. The claim to relief is based solely upon certain alleged irregularities on the entry of said judgments.

"The bill admits that said judgments purport to have been entered in open court, in term time, but it is alleged, that, in fact, the branch of said court presided over by the judge before whom said judgments purport to have been entered, was not in session on that day, and had not been opened for that term; that the declarations and *cognovits* were presented to the judge out of court; that he there indorsed thereon directions to enter judgments, and that said papers, with such indorsements, being filed with the clerk, said judgments were entered by him.

"It is the settled rule of law, that the record of a court showing a judgment by confession in open court, imports verity, and can not be contradicted by parol evidence. (*Roche* v. *Beldam*, 119 Ill. 320.) The record of such judgment is the only proper evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, both as against the parties to the judgment and all others whose interests may be affected thereby. *Koren* v. *Roemheld*, 7 Ill. App. 646; *Richardson* v. *Beldam*, 18 id. 527; *Jasper et al.* v. *Schlesinger et al.* 22 id. 637.

"The complainant, then, by admitting that the judgments which he is seeking to have set aside purport to have been entered in open court, in term time, admits the existence of judgment records which furnish conclusive evidence that said judgments were so entered, and he has therefore precluded himself, by such admission, from insisting that the contrary is the fact.

"It is alleged that the executions are void, because they were issued and delivered to the sheriff before the judgments were actually entered upon the records of the court. As the judgments were a part of the proceedings of the court in term time, it is not material whether the record of the judgments were actually written up or not at the time the executions were

issued. Such was the conclusion reached by us, on full consideration of this question, in *Jasper* v. *Schlesinger et al. supra.*

"The point is made, that the provision of the warrants of attorney as to attorney's fees was fraudulent as to other creditors, in that it appropriated the amount of such fees to the payment of the attorneys of the judgment creditors, without consideration. It is claimed, that to the extent of such fees, at least, the judgments should be vacated. A stipulation, by which a debtor agrees to pay the fees of his creditor's attorney in case the latter is compelled to resort to legal proceedings to collect his debt, is an agreement which is not only eminently just, but which rests upon a good and valuable consideration. It is not in the nature of a gratuity, but is a contract, by which the debtor, in part consideration of the credit given him, agrees to indemnify his creditor against the consequences of his neglect or refusal to pay, whereby the creditor may be subjected to the necessity of employing and paying an attorney.

"We are of the opinion that the bill presented no grounds for relief. The demurrer was therefore properly sustained. Decree affirmed."

Upon an examination of the bill, and after full consideration of the arguments of appellant's counsel, we have come to the same conclusion as that reached by the Appellate Court. The reasons stated in the opinion of the court in support of the decision are satisfactory, to our minds, and meet our approval. We therefore adopt the opinion of the Appellate Court as our own opinion in the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*