# CHARLESTOWN.

## Lowther v. Davis.

Submitted September 11, 1889.—Decided September 16, 1889.

1. EXECUTION—JUSTICE OF THE PEACE.

An execution, purporting to be issued upon the judgment of a justice, when there is in fact no such judgment but simply the verdict of a jury, is void, and the justice should quash such execution upon notice and motion.

2. APPEAL—CIRCUIT COURT—JUSTICE OF THE PEACE.

The refusal of a justice to grant an appeal from his action or judgment in a proper case is sufficient cause for the granting of such appeal by the judge of the Circuit Court upon the petition of the party aggrieved stating such refusal of the justice.

*J. V. Blair* for plaintiff in error.

*S. D. Turner* for defendant in error.

SNYDER, PRESIDENT:

In March, 1886, A. J. Lowther brought an action before a justice of Doddridge county against W. H. H. Davis for $184 due by account. The summons having been duly served upon the defendant, both parties appeared, and on April 8, 1886, the case was tried by a jury, and the following verdict returned: "We, the jury, find a verdict against W. H. H. Davis in favor of A. J. Lowther for $184.00 with interest from Nov. 1, 1882, till April 8, 1886, and costs." No entry of any judgment upon this verdict was ever made by the justice; but the defendant took an appeal to the Circuit Court, which was in December, 1887, dismissed. Afterwards, on the order of the plaintiff, the justice issued an execution for $184.00 purporting to be upon a judgment rendered on April 8, 1886, in favor of A. J. Lowther against W. H. H. Davis, and placed the same in the hands of a constable for collection. The said Davis caused a written notice to be served upon Lowther, wherein he notified Lowther that he would on January 24, 1888, move the said justice to quash said execution. On the day mentioned in said notice the parties appeared before the justice, and the defend-

ant moved to quash the said execution, which motion the justice overruled, and thereupon the defendant tendered an appeal-bond, and asked the justice to grant him an appeal to the Circuit Court of said county, but the justice refused to grant the appeal, and entered judgment against the defendant for costs. Within ninety days thereafter the defendant, upon his petition alleging the refusal of the justice to allow him an appeal, was granted an appeal by the judge of said Circuit Court. This appeal was duly docketed in the said court, and afterwards, on July 20, 1888, it was, on the motion of the plaintiff, Lowther, dismissed by said court upon the ground that it had been improvidently awarded, and thereupon the defendant, Davis, obtained this writ of error.

There can be no doubt that a motion to quash is the proper remedy where an execution has been issued without authority of law, and that a writ of error, or an appeal, will lie to the action of the court or justice improperly denying or overruling such motion. *Taney* v. *Woodmansee*, 23 W. Va. 709. The first inquiry, then, is, did the justice err in refusing to quash the execution in this case ? A verdict is not a judgment. This is not only true as a general proposition, but it is equally true in respect to proceedings before justices under our statute. Section 131, c. 50, Code, provides that "executions for the enforcement of the judgment of a justice in a civil action may be issued by the justice by whom such judgment was rendered, or his successor in office, * * * at any time within three years from the entry of the judgment," *etc.* And section 135 declares that the execution "must describe the judgment on which it issued," *etc.* These provisions clearly show that no execution can be issued by the justice until there is a judgment rendered upon which it can be issued. See, also, sections 215–217, as to judgments of justices on the verdicts of juries. Codé 1887, p. 475; 1 Freem. Ex'ns, (2d Ed.) § 17. It is clear that no execution can be issued on the verdict of a jury, but that there must be a judgment entered on the verdict by the justice to authorize the execution, and unless there is such judgment the execution is void, and should be quashed on a proper motion by the defendant therein. 1 Freem. Ex'ns, § 73.

But it is insisted by the defendant in error that the Circuit Court rightly dismissed the appeal in this case, because the petition for the appeal did not show "good cause" for the failure to take the appeal within ten days, as prescribed by section 174, c. 50, of the Code. It is settled by the decisions of this Court that unless such "good cause" appears in the petition for the appeal, then the appeal must be dismissed as having been improvidently awarded. *Hubbard* v. *Yocum*, 30 W. Va. 740, (5 S. E. Rep. 867); *Home etc. Co.* v. *Floding*, 27 W. Va. 543.

The petition for the appeal in this case stated that the petitioner had within ten days after the date of the judgment overruling the motion to quash the execution tendered an appeal-bond, and asked the justice to allow him an appeal, and that the justice refused to do so. While this refusal of the justice was arbitrary, and unauthorized by law, yet it was "good cause" for the failure, so far as the petitioner was concerned, to get an appeal. The petitioner had done all in his power to obtain the appeal, and therefore he is chargeable with no want of diligence. It is, however, insisted that the petitioner could have compelled the justice, by *mandamus*, to allow the appeal, and that he should have done so. *Mandamus* is an extraordinary writ, and lies only in cases where the party has no other specific or adequate remedy. 2 Cooley, Bl. Comm. bk. 3, p. 110, note 13; 4 Miner, Inst. pt. 1, p. 362; *Justices* v. *Munday*, 2 Leigh, 169. It would not lie in a case such as the one before us, because the statute gives a plain and adequate remedy by petition to the court. This remedy did not exist in Virginia when *Ex parte Morris*, 11 Gratt. 292, was decided, and therefore that case has no application since the enactment of our statute authorizing the Circuit Court, or the judge thereof to grant appeals. The statute was passed to meet just such cases as the one now under consideration.

My conclusion is that the Circuit Court erred in dismissing the appeal, and that the justice erred in overruling the motion of the defendant, Davis, to quash the execution, for the reason that there was no judgment on which it could have been legally issued. The action and judgment of the Circuit Court is therefore reversed, and this cause is re-

manded to that court for the trial of said appeal according to law.

Reversed.  Remanded.