## C. H. Martin, Assignee of Granville Wheelberger, v. C. H. Knights et al.

1.  PARTIES—*Motion to Set Aside a Judgment.*—An assignee for the benefit of creditors is a proper party to a motion to vacate a judgment confessed by the assignor before making the assignment.

2.  CONFESSION OF JUDGMENT—*Filing of Papers.*—Where the papers in a proceeding to confess judgment, presented to the clerk, were by him not filed, but were marked "judgment entered on this note" and signed by him, and by his consent placed in a vault for safe keeping, *it was held* to be a mere irregularity and did not vitiate the judgment.

3.  EXECUTION—*Issued Before Judgment is Recorded.*—An execution issued upon a judgment before the judgment is entered in the record, is void.

Memorandum.—Motion to quash an execution.   Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding.   Heard in this court at the May term, 1894.   Reversed and remanded.   Opinion filed October 29, 1894.

APPELLANT'S BRIEF, DANIEL ABBOTT AND JOHN A. GRAY, ATTORNEYS.

Appellant contended that the papers filed with the clerk did not authorize or support the entry of a judgment, and that the execution was issued before the judgment was entered, and is therefore void.

To authorize the entry by the clerk of a judgment in vacation, there must be filed with him a declaration, a warrant of attorney, proof of its execution and a *cognovit*, and there must be a strict compliance with the statute. Gardner v. Bunn et al., 132 Ill. 403; Campbell v. Goddard, 117 Ill. 251; Little et al. v. Dyer, 138 Ill. 273.

The clerk has no power to enter judgment by confession in vacation, without proof being filed of the execution of the power of attorney. Durham v. Brown, 24 Ill. 94; Roundy v. Hunt, 24 Ill. 598.

The execution was issued and placed in the hands of the sheriff before the judgment was entered, and is therefore void.

Our Supreme court say: " All know that the filing of such (necessary) papers in term time without the entry of a judgment order would not constitute a judgment, or authorize the issuing of an execution, and we must presume that when the General Assembly authorized an entry of judgment in vacation, it was to be done in the same form as when entered in court in term time." Ling et al. v. King & Co., 91 Ill. 571; Poppers v. Meager, 33 Ill. App. 19.

" In vacation, when confession of judgment is entered by the clerk, the judgment order, as held in Ling v. King, 91 Ill. 751, must be entered before a judgment can be held to be in existence." Jasper et al. v. Schlesinger, 22 Ill. App. 641; Cummings v. Holmes et al., 109 Ill. 19.

An execution issued before judgment, confessed in vacation, has been entered up by the clerk, is void, and can not be cured by subsequent amendment of the record. Baker v. Barber, 16 Brad. 625; Humphreys, Newton & Co. v. Swaim, 21 Ill. App. 232; Swaim v. Humphreys, 42 Ill. App. 371.

Appellant's motion to amend the record to conform to the facts should have been allowed. If such amendment had been made, the execution would have been void, and quashed upon motion, or could have been attacked collaterally, or writ of error would lie to reverse the judgment. Askew v. Goddard, 17 Brad. 377; Doty v. Colton, 90 Ill. 453.

If the record as it remains in the Circuit Court does not state the facts as they actually occurred, defendant should have made application to have the court correct the record, so as to make it speak the truth. Roche v. Beldan, 119 Ill. 323; Dillman v. Nadelhofer, 23 Ill. App. 169.

Chap. 25, Starr & Cur. Stat., Vol. 3, p. 250, prescribes what books are to be kept by the clerk; among others are the following:

" Third. Proper books of record, with indices, showing the names of all the parties to any suit or judgment therein recorded, with a reference to the page where it is recorded.

" Fourth. A judgment and execution docket, in which all final judgments shall be minuted at the time they are entered, or within sixty days thereafter, in alphabetical order, by the name of every person against whom the judgment is entered, showing in proper columns the names of the parties, the date, nature of the judgment, amount of debt, damages and costs in separate items for which it is issued, to whom issued, when returned, and the manner of its execution.

" Fifth. A fee book.

" Seventh. Such other books of record and entry as are provided by law, or may be required in the proper performance of their duties."

The universal practice under this statute has been to record a " judgment order in the book of record " mentioned in " Third " subdivision above noted. And the statute requires it to be therein recorded.

" The judgment must in fact be entered up." Cummins v. Holmes et al., 109 Ill. 19. " Here, then, were all the facts appearing to require the clerk, under the statute, to enter

the legal conclusion, but that was not done, and until done there was no judgment." Ling v. King & Co., 91 Ill. 751.

The judgment "must be actually entered of record;" "whether the clerk had written up the judgment" and "a judgment of record to support it (execution)," are expressions of the court found in Swaim v. Humphreys, 42 Ill. App. 371, showing what is required to constitute " a judgment."

"In vacation, where a confession of judgment is entered by the clerk, the judgment order must be entered, before any judgment can be held to be in existence. The judgment and the record evidence of it is in that case the same thing." Jasper et al. v. Schlesinger, 22 Ill. App. 641.

The judgment under said "Fourth" subdivision is to be "minuted" at the time it is "entered, or within sixty days thereafter." Plainly showing that it was not a necessary part of the "judgment order," required to be entered or recorded before the issuance of execution, and that the word "entered" had reference to the recording of the judgment order in the book required by the "Third" subdivision.

Example of what is not a sufficient judgment or record, are found in Meyer v. Village of Teutopolis, 131 Ill. 555; Edwards v. Evans, 61 Ill. 492; Faulk v. Kellums, 54 Ill. 190; Martin v. Barnhardt, 39 Ill. 10; Alton Lime & Cement Co. v. Calvey, 41 App. 598; Haines v. The People, 19 App. 359.

It requires at least an order and finding to make a valid judgment. Sears v. Sears, 3 Gilman 48; Stevison et al. v. Earnest, 80 Ill. 519.

For the meaning of the words "record of any judgment," see Vail v. Iglehart, 69 Ill. 334. "A judgment must be proved by the record itself." Moore v. Bruner, 31 App. 403. "There must be a record or memorial of the proceedings of a court of record in every cause in order to support and give effect to such proceedings." Am. and Eng. Ency. of Law, Vol. 20, pp. 476 and 477. "The judgment must be certain or capable of being made so, and it must be a final judgment. It must have been duly entered, though perhaps not in accordance with the rules of the common law."

APPELLEES' BRIEF, CLARK VARNUM, ATTORNEY.

No person but a party to a judgment or execution can move to set aside the judgment or quash the execution. Sec. 65, Chap. 110, Rev. Stat. Ill.; Bonnell v. Neely, 43 Ill. 288.

A stranger to the record can not interfere to quash the levy or the execution. Hitchcock v. Roney, 17 Ill. 231; Swiggart v. Harber, 4 Scam. 362; Oakes v. Williams, 107 Ill. 154.

If the court has jurisdiction to render a judgment, such judgment can not be questioned by anybody except by a party to the record of such judgment. Freydendall v. Baldwin, 103 Ill. 929; Wimberley v. Hurst, 33 Ill. 166; Cemetery Co. v. People, 92 Ill. 619; Maloney v. Dewey, 127 Ill. 305.

The assignee has no authority to appear in another court and prosecute a suit without an order of the County Court authorizing him to do so. Baker v. Barber, 16 Bradw. 621.

The assignee is not the representative of the creditors but is merely the agent of the assignor. Bouton v. Dement, 123 Ill. 149; Ide v. Sayer, 129 Ill. 325; Republic Insurance Co. v. Swigert, 135 Ill. 176.

Judgment by confession will not be vacated to let in a defense when the records fail to show that a defense can be successfully made. Holmes v. Parker, 125 Ill. 478; Hemstead v. Humphrey, 38 Ill. 90; Rising v. Brainard, 36 Ill. 79; Stuhl v. Shipp, 44 Ill. 133; Knox v. Savings Bank, 57 Ill. 330; Farwell v. Meyer, 36 Ill. 510.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a motion to quash an execution issued upon a judgment confessed in vacation, and to set aside the judgment. The ground mainly urged was that when the execution was issued the judgment had not been fully written up, though it had been properly noted and indexed in the judgment and execution dockets and in the fee book as well as in the index of the court record.

After the judgment was confessed the judgment debtor made a general assignment for the benefit of creditors.

The motion was made in the name and on behalf of the debtor and the assignee, but before decision the debtor formally withdrew the motion so far as he was able to do so and it was afterward prosecuted by the assignee. It is now urged that it was not competent for the latter to urge the relief sought because he was not a " party " to the judgment.

We think the assignee may be regarded as the proper " party " to make the motion. Baker v. Barber, 16 Brad. 625; Jenkins v. Greenbaum, 95 Ill. 11; Conkling v. Ridgely, 112 Ill. 39; Roche v. Beldan, 119 Ill. 321.

It is argued that the judgment is void because the original notes upon which it was entered were not filed with and left in custody of the clerk.

It appears that they were presented to the clerk and by him marked " judgment entered on this note," etc., which indorsement was signed by the clerk, and by his consent they were placed in the vault of one Fox for safe keeping. We regard this as but a mere irregularity which should not vitiate the judgment.

It is urged, however, on behalf of the appellee, that the formal entry of judgment in what is termed the " journal," or more properly the " record," is not essential when the judgment is by confession. We can not agree with this position and are of opinion such entry is indispensable.

As already stated the chief question is whether it is competent to show that the formal record of the judgment which professes to have been written on the 13th of June, when the judgment was confessed, was in fact not completed until the 14th or 15th, after the execution was issued.

Counsel for appellant urged that upon the authority of Ling v. King, 91 Ill. 571; Cummins v. Holmes, 109 Ill. 19; Baker v. Barber, *supra*, and Humphreys v. Swaim, 21 App. 232, the evidence was competent, and that the execution should have been held void, while the appellee insists that as the record imports verity the evidence is not admissible. The cases cited are to the effect that it is competent to show that the execution was issued before the judgment order was

entered up, although both appear as of the same day, and that this does not contradict the record, but merely shows which was done first. In the present case the record, though purporting to have been written on the 13th, the date of the execution, was not written until after the execution was placed in the hands of the sheriff. To prove this, it is said, does not necessarily contradict the record in its statement that it was entered on the 13th, but merely proves that before the record was in fact written up the execution was issued.

The only proof necessary was that when the execution was issued the judgment had not been written.

It was not material, as it was not competent, to prove it was not written the day it purported to be, but this was also shown.

Now, because the latter fact also appeared, which tended to impeach the record, was no reason for excluding and refusing to consider the fact that the record was not written until after the execution was issued. If it must be excluded then it follows that the law admits proof by which it may be shown that the execution was issued before the judgment was written if both were done the same day, but will not admit proof that the execution was first, when the proof also shows that the judgment was not written the day it purports to be, but on a later day, which would be manifestly absurd.

The only point at issue is, which was first, and the only proof necessary need go no further.

So far as it does go further it is irrelevant and unimportant, but the relevant portion is not to be discarded.

Conceding the doctrine taught by the cited cases to be correct it should control here.

Without discussing the question and without intimating what view we might be inclined to take if it were *res nova* we are disposed to follow those cases and must therefore hold that the execution was void.

The judgment is reversed and the cause remanded with directions to quash the execution.