[Civil No. 3312.   Filed October 10, 1933.]

[25 Pac. (2d) 555.]

H. L. MOSHER, Appellant, v. ELSIE B. GANZ, Appellee.

Mr. John W. Ray, for Appellant.

Mr. Henry J. Sullivan, for Appellee.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Maricopa county denying a motion to set aside a special execution and a sale made thereunder. The facts of the case are not in dispute and may be briefly stated as follows: Elsie B. Ganz, hereinafter called plaintiff, recovered a judgment in the superior court of Maricopa county against H. L. Mosher, hereinafter called defendant, providing for the foreclosure of a mortgage on certain real estate. On January 5, 1932, a special execution and order of sale of the mortgaged property was duly issued, in accordance with the statute, and the property sold thereunder to plaintiff. On February 2d the sheriff made return on the special execution showing the sale and full satisfaction of the judgment, a balance under said sale being due defendant. This return, however, was not filed in the clerk's office until after it was amended. On February 18th defendant filed a motion to set aside the sale, which was granted on March 14th. Thereafter and on March 16th a second *alias* special execution and order of sale was issued. On April 7th the sheriff made an amended return on the first special execution showing that by reason of the order of the court setting aside the sale he returned the execution wholly unsatisfied. On April 29th he filed his return on the *alias* special execution showing that a sale had been made thereunder and that the judgment was fully satisfied thereby. On September 3d defendant filed her motion to set aside the sale made

under the second execution and, this motion being denied by the court, perfected her appeal in due time.

It appears from this recital that the sale on the first execution was set aside by order of the court and that there was not sufficient time remaining for the necessary advertisement for another sale on the first execution until the return day fixed by statute had passed. Section 4214, Rev. Code 1928; chap. 66, Session Laws 1929. The proper course under these circumstances would have been for the sheriff to make and file the return showing the judgment unsatisfied by reason of the order of the court *before* the issuing of the second execution. We think, however, that the effect of his actual procedure was at most to make the second execution voidable and subject to a motion to quash, and that if such motion was not heard before the return on the original execution showing it to be unsatisfied was filed, the case falls squarely within the principle laid down by us in *Bank of Douglas* v. *Neel et al.,* 30 Ariz. 375, 247 Pac. 132.

In that case a special execution was issued, and before the sale was made thereunder and return filed a general execution was also issued and a levy made thereunder. The defendant filed a motion to quash the general execution on the ground that the special execution was still outstanding and that no return had been made thereon. Immediately thereafter and before a hearing on the motion, the sheriff made a return on the special execution showing a sale thereunder and that a deficiency judgment still existed. When the motion came on to be heard the court ordered the general execution to be quashed and the levy made thereunder set aside, and an appeal from such order was taken to this court. In our opinion we said:

" . . . We think that under this state of the law, the rule laid down in *Doe ex rel. Mace* v. *Dutton,* 2 Ind. 309, 52 Am. Dec. 510, to the effect that the sec-

ond execution was not void, but merely voidable, is the correct one, and consonant with the principles of justice and equity.

"When the case came before the court for hearing on the motion to quash, it was apparent there was a deficiency on the original judgment, and that a general execution would then lie. We think the better rule of law. to be that where on the hearing of a motion to quash a voidable execution it appears the matter which caused its original issuance to be erroneous or irregular has been removed, the motion to quash should be denied, and the execution and levy made thereunder should stand."

It appearing from the facts in this case that when the motion to quash the second special execution came on to be heard the matter which caused its original issuance to be erroneous had been removed, the court properly denied the motion.

The order of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.