315 P.2d 871

Clarence O. JACKSON, Appellant,

v.

SEARS, ROEBUCK AND CO., a corporation, Appellee.

No. 6392.

Supreme Court of Arizona.

Sept. 30, 1957.

out a jury and on the 18th day of May, 1955, the trial judge wrote a letter to the Clerk of Court of Maricopa County stating in part as follows: "You will please let the record show that judgment be entered for the plaintiff * * * from date * * *." This letter was received by the Clerk on the following day, but no order was entered on the civil docket until May 31, 1955. The notation in the civil docket provides:

"May 31, 1955 Judgment entered from minutes of May 19, 1955—Div. 2—'It is Ordered that plaintiff have Judgment against the defendant for the sum of $625.59 with interest at the rate of 6% per annum from date each party to bear their own costs.'"

Five days prior to the above entry of judgment, that is, on May 26, 1955, appellee caused an execution to issue against real property owned by appellant, and subsequently the sheriff of Maricopa County levied upon and sold it to appellee for the amount of the judgment, together with interest and costs. It is appellant's position that on the 26th day of May, 1955 there was no valid judgment upon which execution could issue; that accordingly, all subsequent proceedings, including execution, sale, and delivery of sheriff's deed were void and a nullity.

It is the general rule that an execution issued without a judgment to support it is void, no authority is conferred

Otto H. Linsenmeyer and Stephen W. Connors, Phoenix, for appellant.

Primock & Rogers, Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellee, as plaintiff in the court below, sued Clarence O. Jackson, appellant herein, on the balance due on an account. Trial was duly had before the Court sitting with-

upon the officer to whom it is directed, and even if a judgment is subsequently obtained, it will not have a retroactive effect so as to validate the execution. Evans v. City of American Falls, 52 Idaho 7, 11 P. 2d 363, 368; Bovard v. Bovard, 233 Mo. App. 1019, 128 S.W.2d 274. The foregoing general rule must be distinguished from those situations where the matters are merely irregularities which can, or have been, removed. There the execution is voidable and if the matter causing the irregularity has been removed, a motion to quash will be denied and the execution and levy thereunder will stand. Mosher v. Ganz, 42 Ariz. 314, 25 P.2d 555. There is by no means a unanimity of opinion as to whether this present case presents a curable irregularity.

■ At the common law, an execution might issue as soon as the final judgment was signed, before its entry of record, nor was the docketing of the judgment deemed essential to execution. Stevens v. Manson, 87 Me. 436, 32 Atl. 1002. Most of the early cases held that the execution, if issued after pronouncement or rendition of judgment, could not be voided by a showing that the judgment had not, in fact, been entered at the time of issuance. Los Angeles Bank v. Raynor, 61 Cal. 145; Weigley v. Matson, 125 Ill. 64, 16 N.E. 881, 8 Am.St.Rep. 333, although there is authority to the contrary. Knights v. Martin, 155 Ill. 486, 40 N.E. 358, affirmed 56

Ill.App. 65; Lowther v. Davis, 33 W.Va. 132, 10 S.E. 20. The holding in these latter cases has been both distinguished and criticized. 1 Freeman on Executions (3rd Ed.), section 24.

In recent cases, it has been held that a judgment is operative from the date of its rendition, and that the failure of the clerk to perform the ministerial act of entering the judgment of record does not delay its operation, State v. Haney, Mo., 277 S.W. 2d 632; Cinebar Coal & Coke Co. v. Robinson, 1 Wash.2d 620, 97 P.2d 128; and a judgment after its entry relates back to the time of its pronouncement. Wickiser v. Powers, 324 Ill.App. 130, 57 N.E.2d 522. In some states, by virtue of statute, execution may issue after judgment has been rendered; e. g. Ex Parte Lewis, 335 Mich. 640, 56 N.W.2d 211. At the present time, both the clear weight of authority and statutory trend do not require a formal entry after pronouncement or rendition of judgment in order for a valid execution to issue. 21 Am.Jur., Executions, section 21, p. 26.

■ However, in this state, both by statute and rule of procedure, the formal entry by the clerk is an indispensable prerequisite to valid execution. Rule 79(a), Rules of Civil Procedure, 16 A.R.S., requires the clerk of the court to keep a book known as the "civil docket" in which shall be entered all judgments. Rule 58(a) provides

that the notation in the civil docket constitutes entry of judgment and the judgment *"is not effective before such entry."* These rules of civil procedure have been several times construed, the most recent being Harbel Oil Co. v. Steele, 81 Ariz. 104, 301 P.2d 757, 758, reversing 80 Ariz. 368, 298 P.2d 789. There we said, "For our purpose here it is immaterial when the order or judgment was announced or ordered—it was not effective until it was entered in the docket."

 Not only is a judgment ineffective until entry thereof in the civil docket, but the legislature has provided that "the party in whose favor a judgment is given may, at any time within five years *after entry of the judgment,* have a writ of execution issued for its enforcement." A.R.S. § 12–1551, subd. A. The time of entry is the day when the clerk makes the notation in the civil docket. By the specific language of the statute, execution may not issue prior to such entry. Where the statute requires that a judgment be entered before execution, there can be no valid or lawful execution without such an entry. Tanner v. Wilson, 184 Ga. 628, 192 S.E. 425. Since the execution was issued five days prior to the entry of judgment, it was issued without authority of law and was a legal nullity. The subsequent acts and matters dependent thereon, including levy, sale, and the sheriff's deed are void.

Without the determination of further questions raised which need not be discussed in the light of our conclusions here, the judgment of the court below is reversed with directions that the execution be quashed and all proceedings had thereunder be vacated and set aside.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.