357 P.2d 155

**George C. KEMBLE, Appellant,**

**v.**

**Gladys E. PORTER, Appellee.**

**No. 7195.**

Supreme Court of Arizona.

Dec. 1, 1960.

Kramer, Roche, Burch & Streich and Johnston & Gillenwater, Phoenix, for appellant.

Wilson & Wilson and Ted F. Warner, Phoenix, for appellee.

LESHER, Justice.

The appeal is from an order of the superior court denying appellant's motion to vacate and set aside an execution sale. Appellee has moved to dismiss the appeal on the ground that in the facts of this case the denial of the motion to vacate was not an appealable order.

This appeal is but one more chapter in the long and now familiar litigation between Gladys E. Porter and Arnold Porter, other incidents of which have been before this Court before. The principal case was one brought by Mrs. Porter for separate maintenance. While that action was pending in the Superior Court of Maricopa County the appellant here, Kemble, took judgment against Arnold Porter in the Superior Court of Cochise County and filed a copy of the judgment in the office of the Recorder of Maricopa County. Mr. Porter was an owner of real property in Phoenix known as the Arizona Hotel. Whether his interest was separate property or property of the community of himself and Gladys E. Porter has been in dispute throughout this hydra-headed litigation. The action between the Porters went to judgment in the wife's favor. In satisfaction of that judgment the Arizona Hotel, which had previously been attached by the plaintiff wife, was sold at execution sale and purchased by the wife. Prior to the levy of execution, however, Kemble had intervened in the action of Porter v. Porter and had asked the superior court (1) to quash the wife's attachment and set aside all procedings under a judgment insofar as they affected the hotel property, (2) declare Gladys E. Porter a trustee for his own use and benefit, and (3) declare his own judgment lien prior to any and all liens of Gladys E. Porter. After the property had been sold at execution sale, Kemble, now an intervenor in the Porter v. Porter lawsuit, moved the court to set the execution sale aside. At that time his own claim in intervention, to be the prior lienor of the property, was yet to be heard and determined, although the principal separate maintenance action had long since gone to judgment. The trial court denied the motion to set aside the sale, and Kemble brought this appeal. The appellee Gladys E. Porter now moves to dismiss the appeal. The only question properly before us is whether the denial of the motion was an appealable order.

The right of appeal in this State exists only by force of Statute. Knape v. Brown, 86 Ariz. 158, 342 P.2d 195; Ackel v. Ackel, 83 Ariz. 207, 318 P.2d 676. The

right is both defined and limited by A.R.S. § 12–2101. If the order in question does not come within the judgment and orders listed therein as those from which an appeal can be taken, this appeal must be dismissed. A reading of the various subsections of 12–2101 seems to eliminate as permitting this appeal all but subsection E, providing for an appeal

"From a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment."

The order below seems clearly to have been in a "special proceeding * * * in an action after judgment." The question is: was it a *final* order affecting a substantial right?

We should observe at once that we are aware of at least two cases in which appeals were taken to this Court from orders denying motions to set aside execution sales. Mosher v. Ganz, 42 Ariz. 314, 25 P.2d 555; Jackson v. Sears, Roebuck & Co., 83 Ariz. 20, 315 P.2d 871, 65 A.L.R.2d 1158. We also note that in neither case was the question of the appealability of the order raised. In any event, we believe those cases not to be controlling here, nor even to bear upon the question presently before us. In each of those cases the movant-appellant was the judgment debtor, the owner of the property sold at execution, and a party litigant whose lawsuit had already been concluded by judgment. In each case, therefore, the order was clearly final on all of the movant's rights in the affected property. The order denying the motion was in each case the final pre-appeal order of the trial court. It thereafter had nothing left of the case to dispose of.

■ We are not here called on to consider whether, in the abstract, orders denying motions to vacate execution sales are appealable or non-appealable. We must merely decide, rather, whether the particular order in this case was "final", hence appealable, under A.R.S. § 12–2101, subd. E. We have concluded that it was not.

Counsel for both parties have cited authority bearing on this issue. Most of it is useful only by analogy. Discourses on the appealability of orders generally are to be found among other places, in 59 A.L.R.2d 692 and 4 C.J.S. Appeal and Error. We incline, however, to the view expressed in Glinski v. United States, 7 Cir., 93 F.2d 418, 420:

"* * * Whether an appeal lies; that is, whether the order is appealable, turns upon the character of the proceedings which resulted in the order appealed from."

We therefore look to the peculiar facts in which this particular order was entered.

**420**

First, it is clear that the relief sought to be obtained by Kemble in his motion was wholly incidental to his principal claim in intervention. That principal claim asserted the same allegedly prior lien upon which the motion was based. Both the motion and the complaint in intervention required the court to adjudicate the merits of the Kemble lien. After the motion had been denied, all of the questions on which that denial turned still remained to be answered after a trial on the complaint in intervention. The denial of the motion did not operate as a final adjudication of any of Kemble's rights, because every right which he asserted in making the motion remained to be determined at that trial. The denial of the motion was in many important respects like the denial of a motion for summary judgment; it did not adjudicate substantial rights, but merely postponed an adjudication until after a trial on the merits. Like the denial of a motion for summary judgment, Renck v. Superior Court, 66 Ariz. 320, 187 P.2d 656, it was a mere interlocutory order. Lacking the finality required by A.R.S. § 12–2101, subd. E, the order denying the motion to set aside the execution sale in this case was not appealable.

The motion is granted; the appeal is dismissed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN, and UDALL, JJ., concur.