214 P.3d 394

**Arnulfo Santa MARIA and Sabina Santa Maria, husband and wife, Plaintiffs/Appellants,**

v.

**Rafael NAJERA and Jane Doe Najera, husband and wife; Rommel Cantu and Jane Doe Cantu, husband and wife, Defendants/Appellees.**

No. 1 CA–CV 08–0572.

Court of Appeals of Arizona, Division 1, Department D.

July 21, 2009.

Joseph W. Charles, P.C. By Joseph W. Charles, John W. Orile, Glendale, Attorneys for Appellants.

The Lassiter Law Firm, P.L.C. By Daniel L. Miranda, Andrew M. Fowler, Gilbert, Attorneys for Appellees.

## OPINION

JOHNSEN, Judge.

¶ 1 We hold in this case that Arizona Revised Statutes ("A.R.S.") section 12–2101(F)(1) (2003) does not grant this court jurisdiction over an appeal of the denial of a motion for new trial from a grant of partial summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Plaintiffs filed a verified complaint alleging five claims for relief. Defendants filed an answer and counterclaim. In due course, defendants moved for partial summary judgment on three of plaintiffs' claims. In the absence of a response from plaintiffs, the court entered partial summary judgment in defendants' favor on the three claims but disposed of neither the counterclaim nor the plaintiffs' two remaining claims.

¶ 3 Pursuant to Arizona Rule of Civil Procedure ("Rule") 59, plaintiffs then moved for a new trial of the partial summary judgment order; the superior court denied the motion as untimely. Plaintiffs next moved for reconsideration of the denial of their motion for new trial. The court granted the motion for reconsideration but again denied the Rule 59 motion. Plaintiffs filed a notice of appeal from that order.

## DISCUSSION

¶ 4 If no statute or constitutional provision renders a judgment or order appealable, we lack jurisdiction to consider the appeal. *Musa v. Adrian,* 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *see also Kemble v. Porter,* 88 Ariz. 417, 418–19, 357 P.2d 155, 156 (1960) ("The right [to appeal] is both defined and limited by A.R.S. § 12–2101. If the order in question does not come within the judgment and orders listed therein as those from which an appeal can be taken, this appeal must be dismissed.").

¶ 5 Pursuant to statute, the general rule in Arizona is that "jurisdiction of appeals is limited to final judgments which dispose of all claims and all parties." *Musa,* 130 Ariz. at 312, 636 P.2d at 90; *see* A.R.S. § 12–2101(B) (appeal may be taken from "a final judgment entered in an action or special proceeding commenced in a superior court"). By avoiding piecemeal appeals, this rule promotes judicial efficiency. *See Musa,* 130 Ariz. at 312, 636 P.2d at 90 ("an appellant may ultimately prevail on the complete action, rendering interlocutory appellate determinations unnecessary").

¶ 6 As provided in Rule 54(b), the superior court may designate as final (and therefore appealable pursuant to A.R.S. § 12–2101(B) ) a judgment that disposes of fewer than all claims. This may be done, however, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ariz. R. Civ. P. 54(b). "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties. . . ." *Id.* "Where multiple claims are involved, and but one is adjudicated, absent the express 'determination and direction' as set forth in Rule 54(b), the judgment is merely interlocutory." *Bulova Watch Co. v. Super City Dep't Stores of Ariz., Inc.,* 4 Ariz.App. 553, 554, 422 P.2d 184, 185 (1967).

¶ 7 The partial summary judgment entered in this case was not a final judgment because it left undecided the counterclaim and two of the complaint's five causes of action and did not contain language pursuant to Rule 54(b) designating the judgment as final for the purposes of appeal. If plaintiffs had appealed the order granting partial summary judgment, we would have been compelled by the legal principles cited above to dismiss for lack of jurisdiction.

¶ 8 But plaintiffs did not appeal from the grant of partial summary judgment. They instead appealed the superior court's denial of the motion for new trial they filed directed at the partial summary judgment ruling. *See* A.R.S. § 12–2101(F)(1) (granting appel-

late jurisdiction over an appeal from an order "granting or refusing a new trial, or granting a motion in arrest of judgment"); *In re Property at 6757 S. Burcham Ave.*, 204 Ariz. 401, 404, ¶ 9, 64 P.3d 843, 846 (App.2003) ("The legislature's substantive grant in § 12–2101(F)(1) of the right to appeal a trial court's order granting or denying a motion for new trial vests jurisdiction in this court to hear that appeal.").

■ ¶ 9 Although a denial of a motion for new trial generally is appealable pursuant to A.R.S. § 12–2101(F), we must look to the "character of the proceedings which resulted in the order appealed from" to ascertain jurisdiction in any particular case. *Kemble*, 88 Ariz. at 419, 357 P.2d at 156 (quoting *Glinski v. United States*, 93 F.2d 418, 420 (7th Cir.1937)).

■ ¶ 10 We begin by noting that notwithstanding that summary judgment by definition precludes a trial, a "motion for a new trial" is the proper means by which to challenge such an order. *See Maganas v. Northroup*, 112 Ariz. 46, 48, 537 P.2d 595, 597 (1975). Nevertheless, A.R.S. § 12–2101(F)(1) does not grant appellate jurisdiction over the denial of a motion for new trial directed at a non-final partial summary judgment. *See generally Engineers v. Sharpe*, 117 Ariz. 413, 416, 573 P.2d 487, 490 (1977) (new trial motion directed at entry of partial summary judgment that itself was final because it contained Rule 54(b) language was appealable not pursuant to section 12–2101(F) but pursuant to section 12–2101(C) as an "order made after final judgment"); *Kemble*, 88 Ariz. at 419, 357 P.2d at 156. Because the partial summary judgment at issue here was not final, the denial of the new trial motion directed to that order did not create appellate jurisdiction pursuant to A.R.S. § 12–2101(F)(1).

■ ¶ 11 Our conclusion is compelled by the reasoning in *Mezey v. Fioramonti*, 204 Ariz. 599, 65 P.3d 980 (App.2003), *disapproved on other grounds by Bilke v. State*, 206 Ariz. 462, 80 P.3d 269 (2003). At issue in *Mezey* was a partial summary judgment on liability that left damages to be resolved at trial. We explained that such a ruling may not be rendered final by Rule 54(b) because it does not, pursuant to the rule, finally dispose of "one or more but fewer than all of the claims" in the case. *Id.* at 602, ¶ 5, 65 P.3d at 983. Nor was appellate jurisdiction created by the denial of a new trial motion directed at the partial summary judgment order. *Id.* at 606, ¶ 26, 65 P.3d at 987. As the court explained, "We have no jurisdiction over an order denying a new trial from a non-final partial summary judgment. A party may not create access to appellate review merely by filing a new trial motion from a non-appealable interlocutory order." *Id.*[1]

■ ¶ 12 Citing *Engineers v. Sharpe*, this court in *Mezey* held an order denying a motion for new trial directed at a partial summary judgment ruling is appealable, if at all, only pursuant to A.R.S. § 12–2101(C), which permits appeals from "any special order made after judgment." *Id.* at 607, ¶ 29, 65 P.3d at 988. That is, if the partial summary judgment at the heart of the matter is final because it is entered pursuant to Rule 54(b), then the denial of a new trial motion directed at that partial summary judgment is appealable pursuant to section 12–2101(C). But if the partial summary judgment itself is not final pursuant to Rule 54(b), appellate review may not be obtained by filing a motion for new trial and appealing from the denial of that motion pursuant to section 12–2101(F)(1). *Id.* at ¶ 30 ("[F]iling a motion attacking a non-final decision does not somehow make that decision final if it was not final before it was challenged by motion.").

¶ 13 The supreme court's disapproval of other reasoning in *Mezey* does not detract from its conclusion that this court lacks jurisdiction of the denial of a new trial motion directed to a non-final partial summary judgment order. In this case, because the partial summary judgment was not final pursuant to

---

1. We added, "The statute and its underlying policy of finality cannot be so easily circumvented. If we were to allow such appeals, then every partial judgment would be appealable at the discretion of the parties, who would need only file a new trial motion attacking it. Control of appellate jurisdiction would be ceded to the parties and appellate jurisdiction would be virtually unlimited." *Mezey*, 204 Ariz. at 606, ¶ 27, 65 P.3d at 987.

Rule 54(b), the denial of the new trial motion was not appealable pursuant to section 12–2101(C); nor, as explained above, was jurisdiction created by section 12–2101(F)(1).[2]

## CONCLUSION

¶ 14 For the reasons set forth above, the appeal is dismissed for lack of jurisdiction. We deny defendants' request for attorney's fees on appeal without prejudice to the superior court's consideration at the conclusion of the matter of an award of fees incurred on appeal. We grant defendants their costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).

CONCURRING: PETER B. SWANN, Presiding Judge and PATRICIA K. NORRIS, Judge.

---

2. Plaintiffs may obtain review of the superior court's partial summary judgment and subsequent denial of their motion for new trial on appeal from a final judgment. A.R.S. § 12–2102(A), (B) (2003) (upon appeal from final judgment, appellate court "shall review any intermediate orders involving the merits of the action … whether a motion for new trial was made or not" and may review an order denying an earlier motion for new trial "although no appeal is taken from the order").