NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MARTIN PETROCELLI, *Petitioner/Appellee*,

*v.*

IZABELA ANDERSON, *Respondent/Appellant*.

No. 1 CA-CV 15-0774 FC
FILED 12-30-16

Appeal from the Superior Court in Maricopa County
No. FC2009-007479
The Honorable Geoffrey H. Fish, Judge

**APPEAL DISMISSED**

APPEARANCES

Martin Petrocelli, Scottsdale
*Petitioner/Appellee*

Izabela Anderson, Avondale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Patricio A. Orozco and Judge Peter B. Swann joined.

**G O U L D**, Judge:

¶1        Izabela Anderson ("Mother") appeals from the family court's post-decree orders denying (1) her petition for contempt and motion for new trial and (2) Martin Petrocelli's ("Father") petition to modify parenting time. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        Mother and Father are the parents of a child born in November 2009. After Father's paternity was established in 2010, the family court ordered the parties to share joint legal decision-making, with Father having parenting time two afternoons per week and overnight on Saturdays. In 2011, the court denied Mother's request for sole legal decision-making authority and increased Father's parenting time. Thereafter, both parties petitioned to modify legal decision-making authority and parenting time. In 2014, the family court affirmed joint legal decision-making, awarded Father final decision-making authority, and reduced Mother's parenting time to one mid-week overnight and every other weekend (the "2014 Order"). Mother appealed, and this court affirmed. *Petrocelli v. Anderson*, 1 CA-CV 14-0328 FC, 2015 WL 1849355 (Ariz. App. Apr. 21, 2015).

¶3        In 2015, Father filed a petition to modify parenting time, and Mother filed a petition for contempt.[2] Following an evidentiary hearing, the family court denied both petitions (the "2015 Order"). Thereafter, the court denied Mother's motion for new trial, and she timely appealed.

## DISCUSSION

### A.        The 2015 Order.

¶4        We have reviewed the record pursuant to our duty to determine whether we have jurisdiction over Mother's appeal. *See Sorensen*

---

[1]        Mother's statement of facts does not contain references to the record on appeal as required by Arizona Rule of Civil Appellate Procedure 13(a)(5). Therefore, we rely on our review of the record for the recitation of facts and procedural background. *See State Farm Mut. Auto Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

[2]        Mother also filed a petition to modify parenting time and child support. Father moved to dismiss the petition on several bases; Mother did not respond, and the family court dismissed the petition.

*v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997). Because appellate jurisdiction is defined by statute, we must dismiss any portion of an appeal for which we do not have jurisdiction. *See, e.g.*, *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 8 (App. 2014) (citing *Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 8 (App. 2013)). Additionally, "[a]n appeal may only be taken by a party aggrieved by the judgment." *In re Estate of Friedman*, 217 Ariz. 548, 551, ¶ 9 (App. 2008) (citations omitted); *accord Matter of Gubser*, 126 Ariz. 303, 306 (1980); Ariz. R. Civ. App. P. 1(d).

### 1. Petition to Modify.

**¶5** The family court denied Father's petition to modify, and Mother concedes the 2015 Order did not modify parenting time. As a result, Mother is not aggrieved by the 2015 Order to the extent she questions the court's parenting time orders. *See Chambers v. United Farm Workers Org. Comm., AFL-CIO,* 25 Ariz. App. 104, 107 (1975) (stating that "mere dissatisfaction" with the result of a judgment is insufficient to constitute aggrievement for jurisdictional purposes). Accordingly, we dismiss that portion of the appeal. *See In re Estate of Friedman,* 217 Ariz. at 552, ¶ 11.

**¶6** Mother also reargues her previous challenges to the 2014 Order regarding legal decision-making and parenting time. However, because our decision affirming the 2014 Order is law of the case on these issues, we reject her argument. *See Ziegler v. Super. Ct.,* 134 Ariz. 390, 393 (App. 1982); *Copper Hills Enters., Ltd. v. Ariz. Dep't of Rev.*, 214 Ariz. 386, 390-91, ¶ 15 (App. 2007).

### 2. Petition for Contempt.

**¶7** Mother argues the family court erred in not holding Father in contempt for certain violations of court orders. Specifically, Mother alleges that Father violated vacation time orders, ended Skype calls early, interfered with the child's court-ordered counseling, and abused his power as final decision-maker.

**¶8** Civil contempt actions are not appealable. *Elia v. Pifer*, 194 Ariz. 74, 80, ¶ 30 (App. 1998); *Berry v. Super. Ct.,* 163 Ariz. 507, 508 (App. 1989. Rather, such orders must be challenged by filing a petition for special action. *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010); *Elia,* 194 Ariz. at 80, ¶ 30. Therefore, we lack jurisdiction to review Mother's objections to the court's contempt decision. *See Hurd v. Hurd,* 223 Ariz. 48, 50 n.2, ¶ 9 (App. 2009). Accordingly, we dismiss that portion of the appeal. *See Herzog v. Reinhardt,* 2 Ariz. App. 103, 105 (1965).

## B.    Motion for New Trial.

**¶9**        Mother argues the family court erred in denying her motion for new trial. *See* Ariz. R. Fam. Law P. 83.  Although the denial of a motion for new trial is generally appealable pursuant to Arizona Revised Statutes section 12-2101(A)(5)(a), we look to the character of the order that gave rise to the appeal to determine whether we have jurisdiction in a particular case. *Maria v. Najera,* 222 Ariz. 306, 308, ¶ 9 (App. 2009) (citation omitted); *see also Green v. Lisa Frank, Inc.,* 221 Ariz. 138, 146, ¶ 14 (App. 2009).

**¶10**        For the reasons discussed above, Mother is not aggrieved by the 2015 Order denying Father's petition to modify parenting time, and the underlying contempt order is not appealable. Therefore, we lack jurisdiction to consider Mother's appeal from the court's order denying her motion for new trial. *See Maria,* 222 Ariz. at 308, ¶ 12.

## CONCLUSION

**¶11**        For the foregoing reasons, we dismiss Mother's appeal. We award costs to Father upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:        JT

4