NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LAURA ANN CAVNESS, *Petitioner/Appellant*,

*v.*

BRIAN HOWARD WILSON, *Respondent/Appellee*.

CARL ENGSTRAND, et al., *Intervenors/Appellees*.

No. 1 CA-CV 19-0460 FC
FILED 4-14-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-004322
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Laura Ann Cavness, Phoenix
*Petitioner/Appellant*

Law Office of Margo A. Shorr, Phoenix
By Margo A. Shorr
*Counsel for Intervenors/Appellees*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

**¶1** Laura Ann Cavness (Mother) is the biological parent of G.C., a minor child. Mother appeals from the denial of her motion to set aside a temporary order granting Intervenors (G.C.'s adult sister and her husband) sole legal decision-making for G.C. and a subsequent in loco parentis order. As set forth below, because Mother has shown no reversible error, the orders are affirmed.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Mother and Brian Howard Wilson (Father) divorced in 2013. At that time, the superior court adopted their agreement that G.C. would primarily reside with Mother, with Father exercising specified parenting time.

**¶3** In January 2017, Intervenors petitioned for a temporary emergency order allowing them to immediately take custody of G.C.[1] They alleged that Mother had been involuntarily committed and had not been properly caring for G.C. They asserted that Father had not maintained regular contact with G.C. and his whereabouts were unknown. Intervenors also filed a petition arguing they stood in loco parentis to G.C. and his parents were unable to care for him.

**¶4** The court granted the temporary emergency petition, allowing Intervenors to take temporary custody of G.C. Mother and Father appeared at an evidentiary hearing on that petition the next week, where Father supported Intervenors' request. After the hearing, the court affirmed the temporary order, ruling Intervenors would continue to have sole legal decision-making authority and physical custody of G.C. pending the

---

[1] Although the record does not contain an express order authorizing intervention, the superior court implicitly did so by adding Intervenors to the case caption and treating them as such without objection.

hearing on their in loco parentis petition. The court also granted Mother supervised parenting time during this period.

**¶5**　　　In the months that followed, Mother filed numerous motions asking that G.C. be returned to her. She did not, however, exercise any parenting time, and ultimately failed to appear at the evidentiary hearing on the in loco parentis petition. The court proceeded by default and, after receiving Intervenors' evidence, determined that they stood in loco parentis to G.C. and had established by clear and convincing evidence that it was in G.C.'s best interests for Intervenors to be awarded sole legal decision-making authority and that he live with them. The court also suspended Mother's parenting time until she addressed her mental health and drug issues. Mother did not appeal that order.

**¶6**　　　Over the next two years, Mother repeatedly violated the orders and improperly attempted to remove G.C. from Intervenors' care and to contact him directly and indirectly. The court eventually held Mother in criminal contempt, and she served six months in jail.

**¶7**　　　Mother then filed a "Motion to Reverse Petition for Custody by Non-Parent Third Party Rights Pursuant to A.R.S. § 25-402(B) And § 25-409 And Petition for Post-Decree Temporary/Emergency Order Without Notice Granted on 01/09/2017 Due To Arizona Notary Law Violations." This motion alleged that Intervenors' counsel had notarized both the petition for temporary emergency order and petition for in loco parentis in violation of Arizona law and asserted that the court's subsequent orders were therefore invalid.

**¶8**　　　The superior court denied the motion, and Mother timely appealed. This court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(2) (2020).[2]

## DISCUSSION

**¶9**　　　Mother appeals the denial of her motion to reverse, which asked the superior court to set aside both the temporary order granting Intervenors sole legal decision-making authority and physical custody of G.C. and the subsequent in loco parentis order. The motion to reverse did not cite Arizona Rule of Family Law Procedure (Rule) 85, but the superior

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

court appears to have treated it as a motion to set aside and considered the motion on the merits.[3]

¶10 On appeal, Mother argues only that Intervenors' petition for temporary custody was invalid because it was not notarized and, therefore, the resulting temporary order was invalid. Because a motion to set aside may not be addressed to a non-final order, this court lacks appellate jurisdiction to consider Mother's argument. *Cf. Maria v. Najera*, 222 Ariz. 306, 308 ¶¶ 12-13 (App. 2009) (holding appellate court lacked jurisdiction to review post-summary judgment order denying a motion for new trial because the summary judgment order was not final); *Mezey v. Fioramonti*, 204 Ariz. 599, 606 ¶ 26 (App. 2003) ("A party may not create access to appellate review merely by filing a new trial motion from a non-appealable interlocutory order."), *disapproved on other grounds by Bilke v. State*, 206 Ariz. 462 (2003). Because a temporary order may be revoked or modified before the court enters a final decision, and terminates when the court enters a final decision, a temporary order is not appealable. A.R.S. §§ 25-315(F)(2), (4); *see also Gutierrez v. Fox*, 242 Ariz. 259, 264 ¶ 12 (App. 2017) ("temporary orders . . . are not appealable"). Therefore, this court lacks appellate jurisdiction to review the denial of Mother's motion to reverse insofar as it addressed the temporary order. *See Maria*, 222 Ariz. at 308 ¶¶ 12-13; *Mezey*, 204 Ariz. at 606 ¶ 26.

¶11 To the extent that Mother argues the superior court erred by refusing to set aside the in loco parentis order because the Intervenors' petition for temporary emergency order was not notarized, that argument also fails. Rule 86 provides that any error by the court or a party is not grounds for reversal unless justice requires otherwise. "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." *Id*. Intervenors' claimed failure to have their petition properly notarized was a procedural defect that did not affect the validity of the in loco parentis order. *See Duckstein v. Wolf*, 230 Ariz. 227, 232-233 ¶¶ 13-16 (2012) (holding lack of verification for petition for dissolution was a procedural defect and did not deprive the superior court of jurisdiction). Mother did not appear at the evidentiary hearing on

---

[3] Intervenors argue that Mother's motion was not timely. Rule 85(c) provides generally that a motion to set aside must be filed within a "reasonable time," but must be filed within six months when it is based on mistake, newly discovered evidence, or fraud. Because Mother's Motion to Reverse was not based on the grounds governed by the six-month limitation, it was not untimely.

the petition and does not argue that the evidence received at that hearing failed to support the court's resulting in loco parentis order. Accordingly, the court did not abuse its discretion by denying Mother's motion to set aside that order. *See Birt v. Birt*, 208 Ariz. 546, 549 ¶ 9 (App. 2004).

## CONCLUSION

**¶12** Mother has not shown the orders were erroneous. Intervenors request their attorneys' fees and costs incurred in this appeal under A.R.S. § 25-324(B) and Rules 71(a) and (b). In the exercise of its discretion, this court denies Intervenors' request for fees. As the successful parties, however, Intervenors are awarded their taxable costs on appeal, contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA